WILLIAM GALWAY *et al.*, Respondents, *v.* ABRAHAM SHIELDS, Appellant.

#### April 10, 1876.

1. A demurrer to an answer will be sustained where the answer shows a defense which is void under the statute of frauds.
2. Partial or total payment of the consideration is not such a performance as will take a contract out of the operation of the statute of frauds.
3. It is proper to treat a defendant liable simply for goods sold and delivered, though it appears in evidence that there was a condition of defeasance to the sale of which he did not avail himself.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Gottschalk,* for appellant, cited : Rabruhl *v.* Lark, 35 Mo. 316 ; Gist *v.* Eubach, 29 Mo. 248 ; 2 Mo. 126 ; 11 Mo. 659 ; Gardner *v.* Armstrong, 31 Mo. 535 ; Self *v.* Cordell, 45 Mo. 345 ; Kratz *v.* Stocke, 42 Mo. 354 ; Mincke *v.* Skinner, 44 Mo. 92.

*Finkelnburg & Rassieur,* for respondents, cited : Ells *v.* Pacific R. R. Co., 51 Mo. 204 ; Charpiot *v.* Sigerson, 25 Mo. 63 ; Dickerson *v.* Chrisman, 28 Mo. 140 ; Story Eq. Pl. 761 ; Beare *v.* Vallé, 2 Mo. 109 ; Chambers *v.* Lecompte, 9 Mo. 569 ; Johnson *v.* McGruder, 15 Mo. 369 ; Tibeau *v.* Tibeau, 19 Mo. 78 ; Depain *v.* Carter, 21 Mo. 331 ; White *v.* Watkins, 23 Mo. 423, 428 ; Young *v.* Montgomery, 28 Mo. 604 ; Price *v.* Hart, 29 Mo. 171 ; Tatum *v.* Brookes, 51 Mo. 148 ; Bowles *v.* Watkins, 54 Mo. 262 ; Kratz *v.* Stocke, 42 Mo. 351 ; Park *v.* Leewright, 20 Mo. 85.

GANTT, P. J., delivered the opinion of the court.

Galway & Semple sued Shièlds to the October term, 1874, of the St. Louis Circuit Court, for goods sold and delivered, the amount of which was alleged to be $4,195.59.

The defendant denied the sale and delivery, and alleged that plaintiffs and defendant had made an agreement in writing, which he produced, by virtue of which they were to furnish him with the stoves and castings therein named, which defendant was to sell, and settle on the first of each month, for the articles sold during the previous month, by giving his note at ninety days ; that, if at any time defendant should elect, he should be at liberty to give up the stove business and return to plaintiffs all the unsold stoves and castings of their manufacture, at the prices charged ; that goods were shipped to defendant pursuant to this agreement, but that they were badly packed, by means of which breakage occurred, and defendant had paid $55 in repairs ; that afterwards plaintiffs and defendant entered into a verbal agreement by virtue of which defendant was to convey to plaintiffs certain real estate in the city of St. Louis, at a given valuation, in payment of so much money ($4,045), but that plaintiffs have broken this verbal contract, though defendant has tendered a deed of said real estate. Defendant also stated that plaintiffs were indebted to him "in the sum of $110.75, for money paid for them, at their request, for services rendered, money paid for their use, merchandise, and error in bill of plaintiffs, all of which will more fully appear by a *specified* account herewith filed," etc.

Plaintiffs demurred to so much of the answer as set up the verbal contract to receive land ; and this demurrer was sustained.

There was a reply denying the allegation of breakage, and denying the indebtedness of $110.75, or any of it, alleged in the answer.

The cause was tried by the court sitting as a jury, on

December 28, 1874, and judgment was given for $4,307.43, less $53.58—$4,253.85.

By the bill of exceptions it appeared that such an agreement as defendant set up had been made between the parties; that goods had been sent to the defendant by plaintiffs in pursuance of it, to the amount of $4.195, and that plaintiffs (who were the only witnesses) admitted the set-off or credit of $53.58.

Defendant moved for a new trial, assigning as reasons therefor:

1. That the court had sustained plaintiffs' demurrer, and had refused to permit him to give evidence to sustain the answer thus demurred to.

2. Because the court admitted improper, and excluded proper, evidence; and because the verdict was for the wrong party.

The court overruled this motion, and, the judgment being affirmed in general term, the case is before us on appeal.

Three points are made before us, viz.:

1. That plaintiffs could not avail themselves of the statute of frauds by demurrer, but were bound to plead it.

2. That the answer alleged that the contract was to buy stoves and pay for them in land; that this contract was fully executed, and that, therefore, plaintiffs could not interpose the defense of the statute of frauds.

3. That the contract in writing and admitted by the pleadings was a different contract from that on which plaintiffs sued, and that the evidence offered was not admissible under the special contract.

In aid of the first two points made, the appellants urge that the answer shows a contract, verbal indeed, but performed; and that, being performed, it is taken out of the operation of the statute for the prevention of frauds and perjuries.

1. We see without difficulty that, notwithstanding what is

alleged respecting performance, nothing has been done to distinguish the case from those in which it has been declared that the mere payment of money will not have the effect of doing away with the necessity of a written memorandum of a contract. It was formerly held that the payment, or the partial payment, of the consideration for such a contract took the case out of the statute. *Owen* v. *Davis*, 1 Ves. sr. 82; *Lacon* v. *Mertins*, 3 Atk. 4; *Clinan* v. *Cooke*, 1 Sch. & Lef. 40. But these decisions have been abandoned as unsound—as manifestations of a wish on the part of courts of equity to prevent the doing of injustice in a particular case, under the protection of a general statute, rather than as the true and tenable construction of an act intended to apply to a large class of cases. The operation of such a statute must almost necessarily work partial hardship in some instances. The same may, however, be said of the law of gravitation, and courts of justice have of late years wisely and decidedly disapproved of all judicial legislation directed to the relief of exceptional inconveniences. The point may be considered as settled that payment is not performance, or part performance, so as to take the case out of the scope of the statute of frauds. Such was the opinion of the greatest master of the learning on this subject who has in this century borne the great seal of Great Britain (Sugden on Vend. 101, Eng. ed. of 1852), and of Mr. Justice Story (1 Eq. Jur., secs. 760, 761). The cases cited by these great commentators illustrate and justify their conclusions. We need not cite them, but will quote the authority of Chancellor Kent to the same effect. 4 Kent's Com. (ed. 1867) 520. We may add, however, that in the 7th American, from the 11th English, edition of Sugden's Vendors and Purchasers, which is not the last English edition of this great work, occurs, at page 168, section 14, the admirable comment of this learned and discerning man on the attempt to make payment such part performance of a contract as would avoid the statute, to

which Judge Story refers in his notes to section 760, above quoted.

2. Then, is it necessary to plead the statute of frauds if a party would invoke its protection? The rule undoubtedly was, and perhaps still is, that if a declaration or petition sets forth a promise which the statute of frauds declares to be invalid if not in writing and signed by the party to be charged with it, without stating whether or not the contract be thus written and signed, the want of such writing and signature must be shown by plea or answer, and a demurrer to the declaration for not showing such writing and signature will be overruled. 1 Chitty Pl. 252; Id. 332, where the English and American cases are collected. But the reason assigned for these rulings is of itself sufficient to define the limitations of the rule. It is because courts will presume that the plaintiff or complainant, when speaking of a contract, means one which possesses all needful legal requisites, and which, if the law requires it to be in writing and signed, is in fact reduced to writing and subscribed by the defendant. Obviously this rule could have no application if it appeared affirmatively that the contract was deficient in these particulars; and accordingly it is now well settled that, both at law and equity, if the facts, the existence of which entitles the person against whom they are alleged to the benefit of the statute, appear in the pleadings, such person may take advantage of the statute by demurrer. Story Eq. Pl., secs. 580–588; Chitty Pl. 566.

Such, it is believed, was always the rule in respect of a plea. Greater nicety was required in a plea than a declaration; the presumption that a valid contract, fortified by all legal solemnities, was intended by the pleader was not indulged, and in a plea it was necessary to show distinctly that the contract set up was binding according to the requirements of the statute. 1 Chitty Pl. 566.

3. The objection, that the contract in writing admitted by the pleadings was a different contract from that on which

the plaintiffs sued, has no force. The written contract provided for the delivery of certain merchandise to the defendant, which he was to pay for in a mode pointed out by that contract. At the end of a given time, no such payment had been made. Provision was also made for the return to the plaintiffs, by the defendant, of part of this merchandise, and for the merchandise so returned the defendant was to have credit. There was no return of any such merchandise, and no offer to return it. It followed that defendant had received the goods of plaintiffs, under this contract of sale, and had neither availed himself of the privilege of returning, nor paid for any part of them. Whereupon plaintiffs sued him for goods, wares, and merchandise sold, delivered, and not paid for. We are of opinion that this was the proper course for plaintiffs to take, that there is no error in the record, and we affirm the judgment, all the judges concurring.