Reeves v. Vette.

JOHN D. REEVES, Respondent, v. JOHN H. VETTE, Appellant.

**St. Louis Court of Appeals, May 7, 1895.**

1. **Practice, Appellate:** FAILURE OF RECORD TO EMBODY INSTRUCTIONS GIVEN. The refusal of instructions will not be reviewed on appeal, if all the instructions given by the court are not embodied in the record, since the instructions given may contain all proper features of those refused.

2. **Principal and Agent:** RIGHT OF LATTER TO COMMISSIONS. If an agent employed to sell real estate finds a purchaser who is both able and willing to purchase the real estate on the authorized terms, his right to commissions will not be impaired by the default of his principal in refusing to consummate the sale.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

*Chester H. Krum* for respondent.

ROMBAUER, P. J.—The petition states that defendant employed one Berkley to sell for him a parcel of real estate, and agreed to pay him a commission of $1,000 for so doing; that Berkley sold the property; that defendant became on account of such sale indebted to him in the sum of $1,000, and that Berkley assigned this claim to the plaintiff, who now sues. The answer is a general denial. On a trial before the court without a jury the plaintiff recovered judgment for the full amount of his claim. The defendant now assigns for error that there was an entire failure of proof of plaintiff's cause of action, and that the court erred in refusing the instructions which defendant asked.

The plaintiff gave evidence tending to show that his assignor was a real estate agent; that the defendant owned a lot in the city of St. Louis which he was willing to sell for $15,000 net, and thereupon entered into the following agreement with plaintiff's assignor:

"For value received, I hereby promise and agree to pay to W. J. Berkley the sum of one thousand dollars upon the completion of sale and transfer to me of cash and notes to the amount of $16,000, in payment of the property known as No. 12 N. 7th St. this day sold to said Berkley, above $1,000 being commission on said sale.            JOHN H. VETTE."

The plaintiff also gave evidence tending to show that his assignor within a few days thereafter found a solvent purchaser, who was willing and ready to pay $16,000 for the property, and who offered to take it at that figure, but that defendant refused to convey under the pretense that his wife declined to join the deed, but in reality because the property was rapidly rising in value.

Section 2238 of the code provides: "Where the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof."

The memorandum of the agreement set out above is ambiguous in this, that the defendant promises in one part to pay Berkley the sum of $1,000 *upon the completion of sale* and transfer of cash and notes, and in another part states that the property *is this day sold* to said Berkley, and that the $1,000 *represent a commission on said sale.* As this ambiguity was sufficiently explained in the testimony, and it was fairly shown that a sale to third parties was contemplated, it can not be justly claimed that the plaintiff's cause of

action remained unproved in its entire scope and meaning.

The defendant gave evidence tending to show that he sold the property to Berkley for $15,000 net, and that Berkley gave him some earnest money at the time which he subsequently returned; that the parties to whom Berkley subsequently sold the property declined to consummate the sale on finding that Berkley had an interest in it, and that, thereupon, the entire matter was canceled upon defendant's paying expenses which had been incurred in the examination of the title and survey of the property. The defendant, however, admitted that he learned of certain valuable improvements which were to be made in the immediate vicinity of the property while the examination of his title was in progress, and, thereupon, did not want to consummate the sale.

The transcript of the record recites that the defendant asked certain instructions which the court refused to give. These instructions are set out in the record. The transcript also recites that the plaintiff asked certain instructions which the court gave. No such instructions are contained in the record. This, of itself, disposes of the assignment that the court erred in refusing the defendant's instructions. *Non constat* but the instructions given on behalf of the plaintiff embodied every element contained in the defendant's instructions. *Haegele v. Western Stove Company*, 29 Mo. App. 486. We have, however, examined the instructions asked by the defendant, and find no substantial error in their refusal, even if taken alone. There was some evidence in the case that the purchasers agreed with the defendant to settle with Berkley for his commissions, but the evidence fell short of establishing a contract of novation, and fails to show that Berkley ever agreed to this substitution.

Of the fact that Berkley himself was the purchaser of the property there was no substantial evidence outside of the memorandum, and, since by that memorandum the defendant promised to pay to him a commission of $1,000 in any event, provided he sold the property for $16,000, it is not apparent how the fact that Berkley himself bought would debar him of recovery. The view taken, in two of defendant's instructions, that Berkley was entitled to no compensation because the sale was not consummated by the delivery of cash and notes, is untenable, since all the evidence concedes that the purchaser was both able and willing to consummate the sale, and that the transaction remained incomplete owing to defendant's default.

All the judges concurring, the judgment is affirmed.