SANDERS PRESSED BRICK COMPANY, Respondent, v. THE COLUMBIA REAL ESTATE AND BUILDING COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1900.

1. **Pleading: WRITTEN CONTRACT: ORAL CONTRACT: CAUSE OF ACTION.** In the case at bar the contract as alleged in the petition, and which appellant was permitted to prove was partly in writing (the waiver of the lien), and part verbal (the consideration of the waiver), and under this state of facts the contract alleged which is averred to be in writing and the contract proven are one and the same contract, and the respondent was not permitted to count on one contract, and to recover on a different one as contended by appellant.

2. **Contract: ORAL TESTIMONY: WRITTEN CONTRACT.** Oral testimony is admissible which neither contradicts nor varies a writing, but tends to prove that a part of the original agreement was not reduced to writing.

Appeal from the St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

### *J. H. Trembley* for appellant.

(1) While plaintiff in open court during the progress of the trial, announced and contended that he was seeking to recover damages for breach of a verbal contract, yet we submit that his petition is based on the theory of seeking to recover damages for breach of a written contract dated May 17, 1897. One can not sue for breach of a verbal contract and recover for breach of a written contract. Clements v. Yeates et al., 69 Mo. 623; and numerous cases cited at page 626. (2) Oral evidence is not admissible to engraft additional stipulations upon a written contract when the contract is complete in itself, as is the contract in the case at bar. Pearson v. Carson, 69 Mo. 550; Hair Co. v. Walmsley, 32 Mo. App. 115; Tracy v. Union Works, 104 Mo. 193; Reed v. Nicholson, 37 Mo. App. 646.

### *O. J. & R. Lee Mudd* for respondent.

(1) The petition does not allege, as the cause of action sued on, a contract in writing. The written contract of waiver described in the petition is stated as a matter of inducement. Bliss on Code Pleading (3 Ed.), secs. 149, 150. (2) The rule of law forbidding the varying of a written contract by parol evidence is not involved by anything in this

case. The consideration for a promise, even in contracts under seal, may be shown by parol. The written contract set out in the petition, and disclosed in the evidence, is merely set out by way of inducement, or as explanatory of, and as forming the consideration for the contract sued on. Rex v. Laindon, 8 T. R. 379; Laudman v. Ingram, 49 Mo. 212; McConnell v. Brayner, 63 Mo. 461; Brown v. Bowen, 90 Mo. loc. cit. 190; Greening v. Steele, 122 Mo. loc. cit. 294; Bashor v. Forbes, 36 Md. 154; Bonney v. Morrill, 57 Me. 368.

BLAND, P. J.—Both parties to this suit are corporations. The defendant owned a lot on McPherson avenue in the city of St. Louis, on which it had planned to erect double brick flats. On May 1, 1897, the following paper was addressed to the defendant, to-wit:

"Columbia Real Estate and Building Company,

"Gentlemen:—I the undersigned hereby promise and agree to do all the brick work necessary according to the plans and specifications of your building of four flats, on the northeast corner of McPherson and Warren avenues, also turn trimmer arches and ash bin in yard, and furnish all material and labor for said job for the total sum of six hundred and forty-nine dollars.

"(Signed.)                      Geo. R. Barr."

On the same paper and following the above proposition was the following offer:

"Columbia Real Estate and Building Company:

"We hereby agree to furnish all the brick necessary for the above building, and we further agree to release all right and interest that we may have in and to any lien which we would have the right to file for material furnished you for said above mentioned building on account of contract with

G. R. Barr, and we furthermore agree not to file any lien for any material furnished for said building, said building located on North side of McPherson avenue, west of Vandeventer avenue.

"(Signed.)      Sanders Pressed Brick Co."
This paper is indorsed "May 1, 1897. We accept this.
"Columbia Real Estate & Building Co."

A short time after the acceptance of the above offers of Barr and plaintiff, Barr discovered that he had omitted to include one of the walls of the building in his estimate of cost of erection, and so notified the defendant and also that he would not perform his contract, unless the defendant would pay him $100 over and above his bid. On the receipt of this notice defendant wrote plaintiff as follows:

"St. Louis, Mo., May 14, 1897.
"Sanders Pressed Brick Co.,

Gentlemen:—We have just been notified in writing by George R. Barr that he has thrown up the job of brick work that he got from us on the north side of McPherson avenue, west of Vandeventer, and on which contract you are on his bond, or contracted to furnish all the brick for the job, and take what money is left after paying for the lumber, lime, sand, etc. You will kindly call and see what arrangement can be made about it at once, as the foundation is in, and waiting for the brick men to begin. Call on Saturday if possible.        Respectfully,

"Columbia Real Estate and Building Company,
"By Jas. J. Kelly, President."

On May 17 the contract with Barr was modified, defendant agreeing to pay him $710, and new written agreements were signed by Barr and plaintiff identical with the ones of May 1, except as to the sum for which Barr agreed to do the work. Plaintiff furnished Barr $401.57 worth of brick,

which was used in the construction of the building and for which it had not been paid.   Over specific and appropriate objections made by the defendant on the trial, plaintiff introduced oral testimony tending to prove that Beckman, an officer and agent of the plaintiff, took the proposals of May 1 to Mr. Kelly, the president of the defendant, and submitted them to him; that it was then and there agreed between them, as a condition to the acceptance of the offers, that the defendant would, for the protection of the plaintiff and in consideration of its waiver of its right to file a lien, withhold from Barr the payment of any money on his contract, until it first paid for the cement, lime and sand, and second, pay plaintiff for the brick it should furnish.   This evidence of plaintiff is corroborated by the letter of defendant of May 14, and also by the cross-examination of Mr. Kelly.   The evidence also tended to prove that after payment for cement, lime and sand, the defendant had in its hand $265 on the completion of the walls due on the contract, which it refused to pay to plaintiff on demand, and afterwards paid to Barr; also evidence that Barr was insolvent.   The jury were instructed on the theory of the case as made out by this testimony, and were told, if they found for plaintiff, to allow interest from the date of the completion of the contract.   The jury found for plaintiff; defendant appealed and assigns as error, first, that the petition declared on a written contract and plaintiff was allowed to recover on a verbal one.

1.   This is half true and half not true.   The contract which appellant was permitted to prove was partly in writing (the waiver of right of lien), and part verbal (the consideration for the waiver).   The contract alleged in the petition is averred to be in writing, but the contract alleged and the contract proven, are one and the same contract, and respond-

ent was not permitted to count on one contract and to recover on a different one as contended by appellant.

2. Appellant assigns as error the admission of the oral evidence to prove that appellant agreed to withhold the money, etc., on the ground, as he contends, that it varied the written agreement. We do not so understand the purport of the oral testimony, it neither contradicted, nor varied the writing, but tended to prove that a part of the original agreement was not reduced to writing. That which was in writing bound only the respondent. There was nothing in the writing to indicate on what consideration the respondent waived its right to file a lien, or what reciprocal obligation the appellant had entered into to bind the respondent to its written undertaking. In such circumstances it was competent to prove that part of the contract was not reduced to writing. Greening v. Steele, 122 Mo. 287; Black River Lumber Company v. Warner, 93 Mo. 384; Brown v. Bowen, 90 Mo. 190.

3. The respondent, if entitled to recover at all, was entitled to interest on the recovery from the date of the completion of Barr's contract, and not from date of demand as contended for by appellant. We discover no reversible error in the record, and affirm the judgment. All concur.