F. M. GWINNUP, Respondent, v. MARY A. SIBERT et vir, Appellants.

Kansas City Court of Appeals, April 25, 1904.

1. **REAL ESTATE BROKER: Contract: Frauds and Perjuries.** It is not necessary that a real estate broker should show a written authority in order to enable him to recover for finding a purchaser ready, able and willing to take the landowner's property at a given price.

2. ——: **Commissions: When Earned.** A sale does not have to be consummated in order that the broker may claim his commissions; if he produces a purchaser able and willing, his right to his commissions can not be impaired by the landowner refusing to consummate the sale.

3. ——: **Justices' Courts: Statement: Evidence: Variance.** *Held,* that there is no variance between a statement filed in a justice's court on a sale of real estate, and the evidence adduced in proof thereof since there was a sale.

4. ——: **Appeals: Judgment: Sureties.** A judgment on appeal from a justice's court was rendered against defendant for $200 and against the sureties on the bond for $75, that being the amount of the bond. *Held,* the judgment is in substantial compliance with the statute.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*E. R. Stephens* for appellants.

(1)   The statement filed by plaintiff for his cause of action, completely states him out of court as it shows on its face that his commission was demanded on a verbal contract (no purchase price or name of purchaser was alleged by plaintiff), for the sale of the land, which in law, is the same as no contract at all. The plaintiff was not authorized in writing by defendants to sell the land; even if sale had been made by plaintiff as agent, it would not have bound the defendant as his principals. R. S. 1899, sec. 3418. Under the plaintiff's statement and the evidence, he has no standing in court. Hayden v. Grillo, 35 Mo. App. 647; Stinde v. Blesch, 42 Mo. App. 578; Crowley v. Somerville, 70 Mo. App. 376; Ramsey v. West, 31 Mo. App. 676; Real Estate Co. v. Ruhlman, 68 Mo. App. 503; Cundiff v. Hansman, 97 Mo. App. 467; Baumgarte v. Hayne, 54 Ill. App. 501; Sibbad v. Iron Co., 83 N. Y. 378; Donovan v. Ives, 73 Ga. 301; Platt v. Johr, 9 Ind. App. 58.   (2) This action is not pretended to be grounded upon the procuring or finding of a purchaser for defendants' land who was ready, able and willing to buy the same for the sum of $5,000.   Compensation for such services would require a separate and independent action, alleging such facts. Hayden v. Grillo, 35 Mo. App. 647; Hayden v. Grillo,

26 Mo. App. 289. (3) The judgment entered by the court in this case is on pages 5 and 6 of appellant's abstract. For its enforcement, three separate and distinct executions are ordered for three separate and distinct times, for three separate amounts, as the court undertook to divide the judgment into three parts. All against the defendants, part against the surety and defendants, then the balance against the defendant, somewhat triangular in its nature. From my view of the law, I regard it as erroneous and unauthorized. R. S. 1899, secs. 4081 and 4082.

*F. W. Powers* and *West & Bresnehen* for respondent.

(1) If this were a suit upon a contract for the sale of lands, made by an agent, the statute of frauds would be applicable. But this is not a suit upon a contract for the sale of lands. That part of the statute has no reference whatever to suits for commission. Real Estate Co. v. Ruhlman, 68 Mo. App. 503; Reeves v. Vette, 62 Mo. App. 440; Huggins v. Hearne, 74 Mo. App. 86; Lemon v. Lloyd, 46 Mo. App. 452. (2) The authorities cited under the first subdivision of this brief, as well also as those cited in the brief of appellant's counsel, show conclusively that there is nothing in appellant's second point. (3) Appellant's counsel insist that the judgment appealed from is bad. That it provides for three separate and distinct executions, for three separate and distinct times, and for three separate and distinct amounts. That it is triangular in its form and oppressive in its nature. An examination of the judgment will disclose that, while it may be somewhat inartistically drawn, it provides for the collection of $200, and no more. It further provides that of this amount, $75 may be collected from the security on the appeal bond. As this was the amount of the appeal bond, this was the limit of the liability of the surety. R. S. 1899, secs. 4081, 4082, 865.

BROADDUS, J.—The plaintiff sues for commission for sale of land. It is conceded that defendants verbally authorized plaintiff to sell certain land belonging to Mary A. Sibert, wife of defendant J. F. Sibert; that he procured a purchaser at defendants' price who was able to and offered to pay for the land, but that defendants refused to consummate the transaction and sold to another party. Defendants contend that plaintiff's contract was not in writing and that the sale was not consummated.

The statute of frauds, section 314, Revised Statutes 1899, upon which defendants rely is as follows: "And no contract for the sale of lands made by an agent shall be binding upon the principal unless such agent is authorized in writing to make said contract." This question is not a new one in this State. In Hurst v. Randall, 68 Mo. App. 503, the court held, in speaking of a sale made by the agent who had no written authority from this principal to make the sale, that, "it was not necessary that plaintiffs should show a written authority to act as real estate agents in order to entitle them to recover for finding a purchaser ready, able and willing to take defendants' property at the price given them for its sale." See also, Gelatt v. Ridge, 117 Mo. 553.

Nor is it indispensable that the sale should be consummated in order that the agent may claim his commission. The rule is established by numerous decisions that "If an agent employed to sell real estate finds a purchaser who is both able and willing to purchase the real estate on the authorized terms, his right to commissions will not be impaired by default of his principal in refusing to consummate the sale." Reeves v. Vette, 62 Mo. App. 440; Tyler v. Parr, 52 Mo. 249; Jones v. Berry, 37 Mo. App. 130; Gelatt v. Ridge, 117 Mo. 553. The cases to the same effect are too numerous for citation.

It is also insisted that plaintiff was not authorized to recover under the evidence upon his cause of action as stated. The statement is as follows:

"Linneus, Mo., June 9, 1902.
"Mary A. Sibert and James F. Sibert her husband,
"To F. M. Gwinnup, Dr.
"To commission for selling farm, to-wit: The southeast quarter of the northeast quarter, section 18, also the east half of the southeast quarter of said section 18, all in township 58 of range as 21, Linn county, Missouri, per verbal contract. Two hundred dollars.
"F. M. GWINNUP."

The argument of appellants is that the action is not based upon services of plaintiff for procuring a purchaser able and willing to purchase, but for a sale. Whereas, the evidence shows that there was no sale. But plaintiff did make the sale. Defendants agreed to sell and the purchaser paid ten dollars of the price. That was all plaintiff undertook under his contract, and it does not lie in the mouths of defendants to say because they refused to carry out their agreement, that there was no sale.

Objection is also made against the judgment because it is rendered against defendants for $200 and against the security on the appeal bond taken in the justice's court for $75, that being the amount of said bond.

Section 4081, Revised Statutes 1899, which governs, is as follows: "In all cases of appeal from a justice's court, if the judgment of the justice be affirmed, or if, on a trial anew in the appellate court, the judgment be against appellant, such judgment shall be rendered against him and his securities." The judgment seems to be a substantial compliance with the statute.

Finding no error in the record, the cause is affirmed. All concur.