# J. S. NICHOLS, Respondent, v. J. F. WHITACRE, Appellant.

### Kansas City Court of Appeals, May 22, 1905.

1. **REAL ESTATE BROKER: Procuring Purchaser: Earning Commission: Agency.** Where the contract of a real estate broker is to procure a purchaser, he has earned his commission when the proffered purchaser is able and willing to purchase the property, and his agency there ends.

2. —— **Contract: Instruction: Jury.** An instruction submitting to the jury the question whether the contract made and the contract sued on differed is error since the court should declare the law and the jury find the facts and apply the law accordingly.

3. **PRACTICE: Amount of Recovery: Contract: Variance.** The fact that plaintiff claims a certain amount due him under his contract will not prevent his recovering a smaller sum. Such variance should be disregarded since courts tend to disregard technicalities in favor of substantial justice.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*Rieger & Rieger* and *Campbell & Ellison* for appellant.

(1) The theory of the court would perhaps have been correct, had respondent produced a purchaser, ready, willing and able to pay cash for the two farms; and perhaps if such cash purchaser had been produced, misrepresentations made to his principal thereafter, would not have affected respondent's right to recover; but a cash customer was not produced. (2) The procuring cause of the trade was the representations made by respondent, and the purchaser in his presence to appellant. (3) We take it to be the well-settled law of

this State that a real estate broker, or any other person occupying the relation of an agent who makes false representations, or who is guilty of any fraudulent concealment, forfeits his right to compensation. Paul v. Minneapolis, 87 Mo. App. 654; 23 Am. and Eng. Ency. Law (2 Ed), 921.

*Millan & Greenwood* for respondent.

(1) This is an appeal from the action of the court in granting appellant a new trial. This is a matter wholly in the discretion of the court. Chouquette v. Railroad, 152 Mo. 257-266, and authorities cited. (2) The case was tried by the court as shown by the rulings and instructions of the court on the theory Nichols was a general agent for Whitacre, when all the evidence shows his employment was for a single act, viz.: to find and produce a man with whom Whitacre could either sell or trade the land. This he did and there his agency was at an end. He had earned his commission. (3) Under the law and the evidence the court properly sustained the motion for new trial. The court saw and heard the witnesses and concluded that a new trial would best subserve the ends of justice and respondent submits that the action of the court in granting him a new trial should be affirmed. Burdict v. Railroad, 123 Mo. 123, 221; Reid v. Ins. Co., 58 Mo. 421, 152 Mo. 266.

BROADDUS, P. J.—The plaintiff's suit is to recover commission as a broker on a contract made between himself and defendant to procure for the latter a purchaser or an exchange of property for two farms, one consisting of 103 acres and the other 165 acres, for which he was to receive as such commission one dollar per acre. The plaintiff procured a purchaser in one, Samuel Surprise, of Storm Lake, Iowa, for the larger farm, the same party exchanging a house and lot in Iowa for the smaller farm. Thus far, there is no dispute between the parties

except that defendant contends that plaintiff's commisison was to be $200 and not one dollar per acre on the land sold and exchanged.

The purchaser, Surprise, went to see the land of de-defendant, but the latter did not go to see the house and lot owned by the former at Storm Lake, Iowa. Defendant testified that Surprise described the house as containing two stories and being almost new; that it was papered upstairs and below; that the sidewalks were made of granitoid; and that it was worth $2,500. The proof showed that a part of the house was old; that it contained only one and a half stories; that it was not papered in the upper story; that the walks were made of plank; and that it was not worth more than from $1,200 to $1,800. Defendant also testified that plaintiff was present when Surprise described the house to him, and that he confirmed as true the said description. He also testified that the commission he was to pay plaintiff was $200. Plaintiff denied having said to defendant that the Storm Lake property was a two-story house, papered throughout and that it had a granitoid walk. The house was valued at $2,500 and the farm exchanged for it at the same sum by the parties to the trade.

The verdict was for the defendant. On motion of plaintiff the court set the same aside, and defendant appealed. The reasons assigned by the court for setting aside the verdict were as follows: "Because the court is of the opinion that it erred in giving defendant's instructions one, two, three and four." And "because the court is of the opinion that it erred in trying the case on the theory that plaintiff's agency extended beyond the time when he brought defendant and the purchaser together." Instructions one and two were given upon the theory that if plaintiff made any material misrepresentations as to the Iowa property he could not recover. Plaintiff's contract was to procure a purchaser, or a person willing to exchange property for defendant's lands. The plaintiff having procured a purchaser able and willing to

purchase or exchange property—which amounted to the same thing—he had complied with his contract. Under his contract he was not authorized to make a sale or exchange of farms. His agency was limited to procuring a purchaser. It has been repeatedly held in this State that the broker was entitled to his commission when he procured a purchaser. [Gwinnup v. Sibert, 106 Mo. App. 709; Reeves v. Vette, 62 Mo. App. 440; Tyler v. Parr, 52 Mo. 249; Jones v. Berry, 37 Mo. App. 130; Gellatt v. Ridge, 117 Mo. 553.] It follows, therefore, that the court was right in granting a new trial on the ground that it had erred in giving the two instructions noted because they asserted the wrong theory of the case. We can see no objection to instruction numbered three.

Number four was also erroneous. It is as follows: "If the jury believe from the evidence that the contract between plaintiff and defendant differs from the contract sued upon, then in that event the plaintiff cannot recover." It was erroneous because it left to the jury to say what was the law. It was the duty of the court to declare the law, and for the jury to find the facts and apply the law as directed by the court. Said instruction was wrong in another particular. There was no dispute as to the terms of the contract except as to the amount of plaintiff's compensation. He alleges that his compensation was to be one dollar per acre, which on 268 acres of land would be $268; while defendant contends that it was to be $200. We do not understand that in a case where plaintiff claims that he is entitled to any given sum under his contract he is not entitled to recover if the proof shows that he was entitled to a smaller sum. At most, it would be only such a variance that a court ought to disregard, unless his opponent had been misled to his prejudice. The tendency of the courts should be to disregard mere technicalities where they stand in the way of substantial justice. We have a statute that forbids a reversal of a cause where substantial justice has

been done, "which has been honored more often in its breach than in its observance."

Affirmed. All concur.