MERCANTILE TRUST COMPANY, Respondent, v. NIGGEMAN, Appellant.

St. Louis Court of Appeals, June 5, 1906.

1. **AGENCY: Real Estate Broker: Written Authority: Ratifica-tion.** The Act of 1903 providing that any one, offering the real estate of another for sale in certain cities, without written au-thority, would be guilty of a misdemeanor, does not prevent an agent who sold real estate without such authority from re-covering his commission where the owner ratified the sale by executing a deed to the purchaser.

2. ———: ———: **Misdemeanor.** An agent who had written authority from the son of an owner of real estate to sell the same, though the son had no authority, did not violate said law and was not guilty of a misdemeanor by offering the real estate of the owner for sale.

3. **LIENS: Special Taxbill.** A special tax bill for the construction of district sewers in the city of St. Louis, under section 24, article 6 of the Scheme and Charter of said city, does not become a lien upon the property to be charged with the same until it is delivered to the board of public works.

4. **AGENCY: Real Estate Broker: Sale Defeated by Act of Agent.** Where the attorney for a real estate agent, through erroneous advice to the purchaser and the seller, prevented the consummation of the sale negotiated by the agent, the agent could not recover his commission for such sale.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED.

*Henry A. Hamilton* and *Charles R. Hamilton* for appellant.

(1) In cites of three hundred thousand inhabitants or more, a person offering real estate for sale without the written authority of the owner, or of his attorney-in-fact, appointed in writing, is guilty of a misdemeanor. Missouri Session Acts of 1903, page 161. (2) Whenever a contract has been entered into for the performance of an act which is contrary to the provisions of a statute law, the courts will not lend their aid for the enforcement of the contract. Where a penalty is imposed by statute for the doing of an act, it must be taken to be a thing forbidden, and a contract to do such thing is void. Addison on Contracts (10 Ed.), 71, 83; Bishop on Contracts, sec. 471; Chitty on Contracts (12 Ed.), 671, 673; Chitty on Contracts (12 Ed.),704, 705; Lawson on Contracts 328, 329; Pollock on Contracts, star page 253; 2 Kent Com., star p. 467; 9 Cyc., 475, 476, 477; 15

Am. and Eng. Enc. of Law (2 Ed.), 939, 940, 941; Downing v. Ringer, 7 Mo. 585; Sprague v. Rooney, 104 Mo. 349, 16 S. W. 505; Connor v. Black, 119 Mo. 126, 24 S. W. 184; Haggarty v. Mfg. Co., 143 Mo. 238, 44 S. W. 1114; Fair Ass'n v. Carmody, 151 Mo. 566, 52 S. W. 365; Ullman v. Fair Ass'n., 167 Mo. 273, 66 S. W. 949; Amusement Co. v. Highlands Co., 90 S. W. 1020; Ashbrooke v. Dale, 27 Mo. App. 649; Bick v. Seal, 45 Mo. App. 475; Friend v. Parker, 50 Mo. App. 89; Swing v. Vinegar Co., 77 Mo. App. 391; Ehrhardt v. Robertson Bros., 78 Mo. App. 404; Board of Trade v. Brady, 78 Mo. App. 585; Pendleton v. Asbury, 104 Mo. App. 723, 78 S. W. 651; Tandy v. Commission Co., 87 S. W. Rep. 614; Coppell v. Hall, 7 Wallace 558. (3) A special tax does not become a lien or incumbrance on real property in the city of St. Louis until the taxbill is issued. Charter city of St. Louis, art. 6, secs. 24, 25; Everett v. Marston, 85 S. W. 540.

*E. M. Grossman* for respondent.

(1) When a contract to do a lawful thing has been executed, and one party has derived the benefits under it, even though the provisions of the law have not been complied with, with respect to the manner of entering into the contract, in the absence of any showing that both parties to the contract, agreed beforehand that the statute should be violated, the law will not permit that party to enjoy those benefits without paying the consideration therefor. Prietto v. Lewis, 11 Mo. App. 601; Hatch v. Hanson, 46 Mo. App. 323; Rozelle v. Beckmeier, 134 Mo. 380, 35 S. W. 1132; Smythe v. Hanson, 61 Mo. App. 285; Hemery v. Marksberry, 57 Mo. 399; Prince v. Baptist Church, 20 App. 332; Tooker v. Duckworth, 107 Mo. App. 231, 80 S. W. 963; Mandelbaum v. Gregovich, 17 Nev. 87; Loan & Trust Co. v. Hoffman (Idaho), 37 L. R. A. 509; Parton v. Hervey, 1 Gray 119; Strong v. Darling, 9 Ohio 201; Vinnig v. Bricker, 14 Ohio 331;

Pennypacker v. Ins. Co., 80 Iowa 56; Harris v. Runnels, 53 U. S. 79; National Bank v. Matthews, 98 U. S. 621; Wright v. Horton, 12 App. Cas. 371 (H. of L.); Pangborn v. Westlake, 36 Iowa 546. (2) Whether or not a contract made in such a way as to come under a statute inflicting a penalty is void, depends on the legislative intent. Pangborn v. Westlake, 36 Iowa 546. (3) A real estate agent has performed his whole duty and is entitled to his commission whenever he finds and produces a purchaser ready and willing to buy according to the terms agreed on, or when he procures a valid contract of purchase from a solvent buyer. Hayden v. Grillo, 35 Mo. App. 647; Christensen v. Wooley, 41 Mo. App. 53; Gwinnup v. Sibert, 106 Mo. App. 709, 80 S. W. 589.

STATEMENT.—In January, 1904, the defendant was the owner in fee of certain real estate, situated in the city of St. Louis, known and designated as No. 5807 Von Verson avenue. Defendant verbally authorized her son, R. A. Niggeman, to offer the property for sale. On the seventh of Janury, 1904, R. A. Niggeman, as the agent of his mother and in her name, entered into a written contract with the plantiff, whereby it was appointed the agent of defendant to sell the property for $7,750, for which services it was to receive two and one-half per cent commission on the purchase price. It was agreed that defendant's title was to be perfect and the property free of incumbrances. Plaintiff, in a short time, found a purchaser, Mary L. Griffin, who was ready, willing and able to purchase the property for $7,750, and, on Janury 8, 1904, signed and acknowledged a written agreement, whereby she bound herself to purchase the property at the price of $7,750 and deposited one hundred dollars with plaintiff as earnest money and as part payment of the purchase price. On being informed of the sale, defendant executed and acknowledged a general warranty deed conveying the premises to Mary Griffin and placed the same in the hands of John J. McNeary,

her brother, to be by him delivered to Mrs. Griffin on the payment of the purchase price. Mrs. Griffin and Mc-Neary met at the Mercantile Trust Building, in the city of St. Louis to close the transaction. It appears that a city sewer, known os the Blackstone sewer, was at the time under construction in the district in which defendant's property is situated, and that plaintiff's legal counselor gave a written opinion to both parties that the proportionate share of the cost of the construction of the sewer was a lien upon the premises, and plaintiff advised McNeary to leave three hundred dollars of defendant's money on deposit with it to pay off the special tax bill against the property when it should be issued. McNeary declined to make the deposit, tendered the deed to Mrs. Griffin and demanded the purchase price of her. She refused to accept the deed or pay the purchase price, for the reason defendant would not make the deposit to meet the sewer tax bill when it should be issued. Plaintiff thereupon returned to Mrs. Griffin the one hundred dollars deposited with it as part payment of the purchase price of the property and brought suit in a justice's court to recover its commission for making the sale. In due course the case was appealed to the circuit court, where, on a trial anew, plaintiff recovered judgment for the agreed per cent of commission, from which judgment defendant appealed.

BLAND, P. J. (after stating the facts) —1. In 1903, the Legislature passed an act, consisting of two sections, the first of which reads as follows:

"In cities of three hundred thousand inhabitants or more, any person who shall offer for sale any real property, without the written authority of the owner of such property, or of his attorney-in-fact, appointed in writing, or of a person who has made a written contract for the purchase of such property, with the owner thereof, shall be deemed guilty of a misdemeanor and fined

in a sum of not less than ten dollars nor more than three hundred dollars." [Laws of 1903, p. 161.]

It is conceded that defendant did not, in writing, appoint her son, R. A. Niggeman, her attorney-in-fact to sell or offer for sale her real estate. On this evidence, defendant insists that the contract relied upon by plaintiff to recover was void, and that it was guilty of a misdemeanor in accepting the contract and offering the property for sale, and for these reasons no recovery can be had. Had defendant repudiated the sale when she learned of it, or refused to carry it out, we think there would be no doubt of the soundness of her position; but she did not do this; on the contrary, she ratified the sale and offered a full performance of the contract on her part by executing and tendering a deed conveying title to the property to the purchaser, Mrs. Griffin. It is not immoral to sell real estate, nor is it contrary to any public policy of the state; nor was the statute, supra, enacted for the purpose of hindering or restricting the exercise of the right of the owner to sell his lands by himself, or through his duly appointed agent. This section and the succeeding one are aimed at an evil which was prevalent in the city of St. Louis, to-wit, that of negotiating the sale or the mortgaging of real estate, without the knowledge or consent of the owner, by irresponsible and unconscionable persons acting as real estate agents with the fraudulent intent to make a profit to themselves. The two sections will effectually prevent these frauds, for in a suit to recover commission or other compensation for negotiating a sale or mortgage, if the owner denies the authority of the agent, under the statute, the agent must show his authority in writing from the owner or his attorney-in-fact, appointed in writing. But if the owner acknowledges the authority in the agent to make the sale, or ratifies it after it is made and accepts or offers to accept the benefits arising therefrom, we can see no reason and know of no law that would deny him the right to recover a just reward for his labor; and the

cases cited by defendant, holding that a contract prohibited by law, one that is immoral or one that is opposed to public policy, or made to defeat the revenue laws, cannot be enforced in a court of justice or furnish the basis for a recovery for services rendered or money expended under it, have no application to the facts in this case. Nor do we agree with defendant, that plaintiff committed a misdemeanor by acting on the written authority it had to sell the premises. It violated the letter but not the spirit and intent of the statute. The agent who, in the name of his principal, gave plaintiff authority to sell the lot was not without authority to sign the contract. His appointment, as agent, was only defectively made because not in writing. This defect was cured by the subsequent ratification by the principal of the agent's act. All the elements essential to constitute a crime are lacking in the transaction.

2.   Section 24, article 6, of the Scheme and Charter of the city of St. Louis, provides for making out special taxbills for the construction of certain public works, including the construction of district sewers (after the work is completed and accepted). The succeeding section (25) provides that these "taxbills shall be and become a lien on the property charged therewith," etc.

In Everett v. Marston, 186 Mo. 587, 85 S. W. 540, our Supreme Court, construing the provision of the Charter of Kansas City relating to the same subject and containing substantially the same provisions as section 24 and 25, supra, of the Charter of St. Louis, held that special taxbills are not a lien on the property chargeable with the cost of the work until they are delivered to the Board of Public Works. Under the St. Louis Charter these special taxbills are required to be delivered to the party in whose favor they are issued. The case is authority for holding that special taxbills are not a lien until they are delivered to the party designated in the charter to receive them, hence plaintiff's counselor was in error when he gave it as his opinion that the construction work

on the Blackstone district sewer (not then completed) was a lien upon defendant's lot. There is no pretense that this advice was not honestly given, but its effect was to defeat the sale, and it was plaintiff's fault, for it is bound by what its agents, including its legal counselor, did in the premises. That the deed was not delivered and the purchase price paid over to defendant resulted from plaintiff's erroneous advice to the purchaser. It innocently defeated the consummation of the sale it had made as defendant's agent, and we cannot see upon what principle of law or justice it is entitled to recover commission for undoing the very work which entitled it to compensation. We therefore reverse the judgment without remanding the cause for rehearing. All concur.