## W. B. PRUGH v. FRANK L. TYRRELL.

### Springfield Court of Appeals, December 6, 1922.

1. **BROKERS: Misrepresentation as to Purchaser's Age Held Immaterial.** A misrepresentation by the broker that all of the purchasers were young men, whereas one of them was seventy-years of age, was immaterial, where the failure of the parties to complete the sale resulted from the vendor's inability to give title, and the only substantial question affecting the broker's right to commission was whether the purchasers were able to perform their contract.

2. ————: **Insertion of Clause Not Authorized in Broker's Contract Does Not Defeat Right to Commission.** A broker's right to commission is not defeated because he inserted, in the contract with the purchasers, which he signed under written authority from the vendor as required by Revised Statutes 1919, section 2169, an agreement to furnish an abstract showing a merchantable title, though his written authority did not provide for the insertion of such a clause in the agreement.

3. ————: **Owner Receiving Benefit of Services Must Pay Commission.** Where the owner of land acknowledged the authority of a broker to make a contract for sale of the land by referring to it in a secondary contract with the purchasers, made by himself, and undertook to accept the fruits of the broker's labor and would have done so if his title had been marketable, he is liable for the commission.

Appeal from the Circuit Court of Dent County.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Wm. P. Elmer* and *John M. Stephens* for appellant.

*McGee & Bennett* for respondent.

FARRINGTON, J.—The plaintiff recovered judgment against defendant in the circuit court of Dent County for commissions alleged to be due by reason of a sale made of defendant's land. The suit is for a land broker's commission. The case was appealed to this court once before and was reversed and remanded for a new trial. The opinion in the former appeal will be found reported in 235 S. W. 143, wherein a comprehensive statement of the transactions leading up to the law suit are set forth, and to which opinion we refer for the facts in disposing of this appeal.

On a retrial the plaintiff recovered judgment for the full amount of commission claimed, to-wit, $625, being five per cent on the sale price of the land, which was $12,500.

In disposing of this appeal we will only discuss the new questions which are raised on the second trial. Some of the same propositions are raised on this appeal which were disposed of in the former. It is charged here that there could be no recovery in this case because the plaintiff, the broker, made misrepresentations as to the character of the purchasers to the defendant, thereby causing him to enter into a secondary contract with the purchaser which he would not have done had he not relied upon plaintiff's misrepresentations. We have examined the record carefully and find that the only misrepresentation made by the plaintiff was one that was immaterial, it consisted of plaintiff writing in a letter to the defendant that the purchasers were all young

men with sufficient means to carry out their contract, and on the trial of the cause it developed that one of the men who were purchasing the land was a man seventy years of age. The record shows that this was an immaterial misrepresentation, because the defendant, after having failed to furnish a marketable title, according to the original contract entered into for him by the plaintiff, undertook to straighten the record title and to meet the objections which an attorney for the purchasers had raised. The record further shows in connection with this question that a supplemental contract was entered into between the purchaser plaintiff had procured and the defendant recognized the original agreement and changed the amount of the first cash payment to be made from $4000 to $3500. This came about from the fact that the purchaser of the land bought some of the live stock and personal property owned by the defendant on the place which purchase diminished the amount the purchaser had with which to make the first payment on the land.

The critical question in this case was one of fact, it being whether the purchaser, Townsend, had the means of his own and such as he was in a position to get from friends to carry out the original contract made by Prugh for the sale of the land. There was a conflict of the testimony on this point, and the verdict of the jury being that he did have the means with which to carry out his contract as originally made on the date he was to have fulfilled his agreement, is binding on this court and determined the fact that the agent had procured a purchaser who was ready, willing and able to buy the defendant's land on the terms which he, the defendant, had himself laid down. There is sufficient evidence in the record to show that this land was not transferred by the defendant to Townsend on the date it was to have been carried out in the original contract, because the defendant did not have the title to this land in shape to convey a merchantable and marketable record title to the same, and that the defendant recognized this is shown by the

evidence that he, recognizing that he was unable to comply with his agreement in this respect, undertook to get it in shape to comply.

Defendant further raises the point that the agent cannot recover in this case because he did not have the written authority to make the character of contract that he made with the purchaser for this land, in that there was no written authority to furnish an abstract showing a marketable title, and as authority for this appellant cites section 2169, Revised Statutes 1919, and the case of Johnson v. Fecht, 185 Mo. 335, 83 S. W. 1077; Greening v. Steele, 122 Mo. 287, 26 S. W. 971; Young v. Ruhwedel, 119 Mo. App. 231, 96 S. W. 228. On examination, these cases show that the question involved there was on suits between the owner and the purchaser where the agent had made the contract going beyond his written authority, and they are in no way applicable to the facts in this case because here the suit is for commission due to the agent from the vendor. This point has been decided against appellant in the following cases: Gerhart v. Peck, 42 Mo. App. 644; Gwinnup v. Sibert, 106 Mo. App. 709; 80 S. W. 589; Young v. Ruhwedel, 119 Mo. App. 231, 96 S. W. 228.

The evidence in this case shows that the defendant acknowledged the authority of plaintiff to make a contract for him by referring to it in the secondary contract which he made himself, and further shows that he undertook to accept the fruits of the plaintiff's labor, and would have derived the benefit of such labor had not his title been in the condition it was. This makes him liable for the commission. [Mercantile Trust Co. v. Niggeman, 119 Mo. App. 56, 96 S. W. 293; McCormick v. Obanion, 153 S. W. 267; Duncan v. Turner, 154 S. W. 816.]

The question as to defendant's ability to carry out the original contract, so far as the title was concerned, was placed out of the case by the defendant recognizing that he could not comply with the contract in that respect. By his acts and conduct he shows the inter-

pretation which he himself placed on the contract Prugh had entered into for him with the purchaser. As stated before, the serious question in this case was the one of fact concerning the ability of the purchaser to pay one-third down under the original agreement. There was evidence to sustain the finding of the jury that he was able to do so. Other questions raised in the trial of this case were disposed of in the former appeal.

Finding no error in the trial, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.