J. B. OVERSTREET, Appellant, v. G. W. BEASLEY, Respondent.

Kansas City Court of Appeals, January 14, 1895.

1. **Evidence:** CONTRACT TO SELL REAL ESTATE: FEE SIMPLE TITLE. A written agreement to sell land is an agreement to sell an estate in fee simple, and parol evidence is not admissible to show that the sale of a mining license only was intended.

2. **Consideration:** PARTIAL OR TOTAL FAILURE: REAL AND PERSONAL PROPERTY. Where a contract is for the sale of real estate and personal property also, and the personal property was delivered to the vendee and retained by him, there is not a total, but only a partial, failure of consideration, although the vendor had no title whatever to the real estate.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*M. R. Lively* and *Tucker & Moore* for appellant.

(1)   Defendant's testimony tended to establish no defense to the notes. His answer sets up three defenses: The first is failure of consideration; but his testimony discloses that whatever interest or property rights plaintiff had in lot 65, were turned over to defendant, together with hoister, tools, etc., and that defendant exercised acts of ownership and exclusive management over them, and received royalty, giving others permission to mine on the lot, by paying him a royalty.   He received something for the promissory notes which he gave, and never offered to return it.   His testimony shows, therefore, that there was not a total failure of consideration, which alone, under the circumstances, would be a defense. *Brown v. Weldon*, 27 Mo. App. 251; s. c., 99 Mo. 564; *Imp. Co. v. Leonard*, 40 Mo. App. 477; *Armstrong v. Tobacco Co.*, 41 Mo. App. 254; *Fenwick v. Bowling*, 50 Mo. App. 516.   The second alleges forfeiture to the Center Creek Mining and Smelting Company, prior to a transfer by plaintiff to defendant; but his whole testimony shows that he continued in exclusive possession of the property after the trade, that plaintiff had nothing further to do with the working of the mine, and that if it was forfeited to the company, it was through the negligence of defendant himself, and was similar to waste and abandonment by vendee, which is no defense in a suit for the purchase price, where no deed has been delivered. *Walker v. Owen*, 79 Mo. 563, *loc. cit.* 569.   (2)   The court erred in giving defendant's peremptory instruction.   This was done upon the theory that the phrase in the notes and bill of sale, "My undivided one half interest in mining lot number 65, on the C. C. M. & S. Co's land," meant real estate, and that as no deed had been deliv-

ered, and no pretense made that Overstreet owned the land itself, the actual interest intended to be conveyed, and actually turned over, could not be shown by parol testimony. Under the authorities last above cited, no deed would be necessary, were such the facts. But we apprehend that no extended citation of authority is necessary to show the court's error in this ruling. 2 Parson's on Contracts [7 Ed.], star p. 557, note (e), *et seq; Lumber Co. v. Warner*, 93 Mo. 374; *Smith v. Van Wyck*, 40 Mo. App. 522; *Welsh v. Edmisson*, 46 Mo. App. 287; *Greer v. Nutt*, 54 Mo. App. 7; 1 Thompson on Trials, sec. 1081; *Belch v. Miller*, 32 Mo. App. 387; R. S. 1889, secs. 7034 and 7035; *Robinson v. Mining Co.*, 55 Mo. App. 662.

*Cole & Ditty* and *H. C. Timmonds* for respondent.

(1) An agreement to sell land generally, not specifying the estate of the vendor, is, in contemplation of law, an agreement to sell an estate in fee. 2 Addison, Contracts, sec. 514. (2) When the contract has been reduced to writing, oral evidence is not allowed to be given as to what passed between the parties either before the instrument was made or during the time of its preparation, so as to add to, subtract from, or in any manner vary or qualify the express terms of the written contract. 1 Addison, Contracts, sec. 242; *Hair Company v. Wamsley*, 32 App. 115; *Tracy v. Iron Works*, 29 App. 342; s. c., 104 Mo. 193. (3) While respondent fails to see anything in appellant's point "d," and the authorities cited thereunder, on page 49, he would call attention to the fact that the case of *Johnson v. Reading*, 36 Mo. App. 306, has been expressly affirmed, and all authorities in conflict therewith expressly overruled, by the supreme court. *Nally v. Reading*, 107 Mo. 353. Whatever may be the rule in

equity as to part performance, that rule has no place in an action at law, as in the present case.   *Nally v. Reading, supra.*

GILL, J.—On the nineteenth day of November, 1890, plaintiff sold to the defendant an undivided one half interest in a mining lot in Webb City, Missouri, and certain machinery and mining tools, for a consideration of $1,000.   No money was paid, nor any conveyance made at the time of the sale.   But plaintiff executed and delivered to defendant the following:

"CONTRACT OF SALE.

"WEBB CITY, Mo., Nov. 19, 1890.

"Know all men by these presents that I agree to sell, transfer and assign all of my undivided one half interest in Mining Lot No. 65, together with hoister, tools, etc., thereto belonging to me, on the C. C. M. & S. Co. land at Webb City, Jasper county, Missouri, to G. W. Beasley, on condition that he pays or cause to be paid $500, with interest, on or before May 19, 1891, and $500, on or before November 19, 1891, as agreeable to his two promissory notes given this day, and described above, and further, if the said G. W. Beasley should prefer to pay off said notes at any time before said notes are due, he can do so, but if the said G. W. Beasley should want to sell said lot before the maturity of either of said notes, then I will transfer my interest on the payment of said notes and interest.

"In witness whereof, I have hereunto set my hand and seal this day and year above written.

"[SEAL]          ·          J. B. OVERSTREET."

At the time of the execution of the foregoing contract, Beasley made the two notes provided therein, reciting that they were "given as part payment on the undivided one half interest in Mining Lot 65," etc.

This action was brought to enforce payment of those two notes. In the answer, among other defenses relied on, was a total failure of consideration, in that plaintiff did not, at the time of the sale or at any time, own an undivided half interest, or any title whatever, in the lot sold, and never was in a position to sell or convey the same, and in fact never conveyed or offered to convey any interest in said lot to defendant. From the evidence it appears that plaintiff and defendant had been jointly engaged in mining on said lot 65, and that there was, on the property, a hoisting machine, a derrick and some mining tools in which the plaintiff owned a half interest. But it is clear that plaintiff had no title to the real estate and never offered to convey the same to defendant. At the close of the testimony the court gave a peremptory instruction for defendant; plaintiff took a nonsuit with leave, and after an unsuccessful motion to set the same aside, the case was brought here by appeal.

The written agreement signed by plaintiff Overstreet, was a clear and unequivocal contract to convey to defendant a fee simple title to the one half interest in the land mentioned. An agreement to sell land generally is in contemplation of law an agreement to sell an estate in fee; and the purchaser may refuse to complete his contract if the vendor is unable to make out a title to, and convey, such estate. 2 Add., Cont., sec. 514. The oral evidence offered by plaintiff which tended to prove that the contract between the plaintiff and defendant was not as written, but was merely for the sale of a mining license, was on the plainest principles incompetent and should have been rejected. It was a manifest purpose to contradict and vary the terms of a written contract by a contemporaneous oral evidence. The parties in this instance had incorporated the terms of

their agreement in a writing, and by it their rights must be adjudged.

The case in hand is simply this: Plaintiff, in consideration of $1,000 to be paid to him by defendant (and which was evidenced by the promissory notes sued on as also by the written agreement), contracted in writing, to sell and convey to defendant certain land. Plaintiff never owned the land and was unable therefore to convey the same. This was, *as to the land*, a failure of consideration and to that extent was a good defense to the notes. But the evidence tends to prove that the agreement was for the sale of certain personal property in addition to the sale of the land. Plaintiff sold also to the defendant a half interest in some machinery and tools, which the defendant took possession of and presumably converted to his own use. At all events the defendant received this property and has never returned the same. This personal property interest entered into the consideration of the notes, and to that extent plaintiff is entitled to recover. *Armstrong v. Johnson Tobacco Co.*, 41 Mo. App. 255. The case, then, is not one of *total*, but of *partial* failure of consideration.

In order, then, to permit plaintiff to avail himself of this right of partial recovery, the judgment will be reversed and cause remanded. All concur.