## H. W. CURREY, Appellant, v. M. L. HARDEN et al., Respondents.

### Kansas City Court of Appeals, November 28, 1904.

1. **BILLS AND NOTES: Failure of Consideration: Instruction.** Where the consideration only partially fails it is improper to submit the question of a total failure.

2. **MINES AND MINING: Statute: Registration: Assignee's Right to Register.** The mining statute does not require a miner to register but authorizes the mineowner to make rules and regulations and he may require a registration of the miner; but he cannot forfeit the right of a miner's assignee because the assignor had failed to register without giving such assignee an opportunity to register.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED (*with directions*).

*H. W. Currey* and *R. W. Coleman* for appellant.

(1) The suit being for the recovery of the purchase price of personal property, the defendants having taken and retained the possession of the property

and never having offered to return same, and neither their title nor possession ever having been disturbed or challenged by any third party, the doctrine of estoppel precludes them from pleading or proving that Berry had no title. Matheny v. Mason, 73 Mo. 677; Pushing v. Cranfield, 70 Mo. 140; Pullian v. Burlingame, 81 Mo. 118; Morrison v. Edgar, 16 Mo. 411; Crumb v. Wright, 97 Mo. 13; Wilcoxon v. Osborn, 77 Mo. 621; Dwyer v. Rohn, 99 Mo. App. 132. To support the plea of total failure of consideration the evidence must show that the defendant got neither the title to, nor the possession of, the sold articles. Pharris v. Surrett, 54 Mo. App. 9. (2) It being admitted that the consideration for the notes sued on was $150 cash, and interest in mining machinery, and the right to mine lots under the posted rules and regulations of the Center Creek Mining Company, and the defendants having admitted that they received and appropriated to their own use the $150 cash and the mining machinery, there can be no total failure of consideration, and the two instructions given at the instance of the defendant are grossly erroneous. Overstreet v. Beasley, 60 Mo. App. 315; Brown v. Welden, 27 Mo. App. 251; s. c., 99 Mo. 564; Barr v. Baker, 9 Mo. 949; Brockus v. Schillings, 52 Mo. App. 73; Murphy v. Gray, 37 Mo. 535; Compton v. Parsons, 76 Mo. 455; Armstrong v. Tobacco Co., 41 Mo. App. 245; Implement Co. v. Leonard, 40 Mo. App. 254; 2 Mechem on Sales, sec. 832; Matheny v. Mason, 73 Mo. 680; McGiffin v. Baird, 62 N. Y. 331; Burt v. Deney, 40 N. Y. 283. (3) A mining license is property. Sheppard v. Drake, 61 Mo. App. 134; Boon v. Stover, 66 Mo. 450. (4) The right to mine the lots under the posted rules of the Center Creek Company is acquired by doing the things specified by the statutes and it would be contrary to the policy of the law to permit the Center Creek Mining Company to add to the requirements which the statutes deem sufficient to give the defendant. R. S. 1899, sec. 8766; Shoe Co. v. Knapp, 63 Kan. 698; State

v. Benn, 95 Mo. App. 516; Turley v. Edwards, 18 Mo. App. 676; Karnes v. Ins. Co., 144 Mo. 413; 80 Mo. App. 357; 40 Mo. 67; 52 Mo. 399.

*McAntire & Scott* for respondents.

(1) Under the law as applied to the facts, the judgment should have been for respondents under such circumstances, even though the case was tried on the wrong theory and the record shows error, the judgment should be affirmed. Jones v. Brownlee, 161 Mo. 258. (2) The making of a representation that one is registered upon the register books of a mining company where another pays his money or gives him a note, relying upon such representation, such representation is certainly material, and if one knowingly makes a material misrepresentation, or makes it without knowing its truth or falsity, he is liable for the injury to the party relying thereon. Chase v. Rusk, 90 Mo. App. 25; Hall v. Goodnight, 138 Mo. 676; Herman v. Hall, 140 Mo. 270; Bank v. Byers, 139 Mo. 627. (3) Mining rules and regulations of mining companies have been sustained so often similar to the ones introduced in evidence that it is presumption on the part of the appellant to now attack them. Chenoweth v. Mining Co., 74 Mo. 173; Arnold v. Bennett, 92 Mo. App. 156; Rochester v. Gates City, 86 Mo. App. 447; Low v. Lead Co., 89 Mo. App. 680. (4) The plea of defendants was a total failure of consideration and fraud in obtaining signatures. There is no difference in the right to make such defense as to either personal or real property. Williams v. Baker, 100 Mo. App. 288; Brown v. Weldon, 99 Mo. App. 564; Miles v. Withers, 76 Mo. App. 87; Stewart v. Miles, 80 Mo. App. 24; Schoenberg v. Loker, 88 Mo. App. 387.

ELLISON, J.—This action was brought to recover the amount of two non-negotiable promissory notes ex-

ecuted by defendants to T. W. Berry and by him assigned to Kester Gorrell who transferred them to plaintiff. The judgment in the trial court was for the defendants.

Defendants' answer set up the defense of failure of consideration. The answer likewise alleged that the notes were obtained by Berry by false and fraudulent representations. But such allegations merely related to the subject-matter of the consideration moving defendants to execute the notes. No damages general, special or consequential by way of counterclaim or otherwise were set up in the answer. The consideration of the notes was shown to be $150 in money, some mining tools and a transfer of a mining right or license to mine ore on the Center creek company's mining ground in Jasper county. Defendants got the money and property of the plaintiff, and yet the verdict and judgment were against plaintiff in toto.

The judgment can not stand. If, it be conceded that the transfer of the lease or right to mine failed for lack of title in Berry, yet that was only a part of the consideration for the notes in suit, and there should not have been any instructions for defendants on the hypothesis of a total failure. [Overstreet v. Beasley, 60 Mo. App. 315.]

The only difficulty in the case relates to the transfer of the license or lease. Defendants entered into possession and operated the mines under the terms of the lease for a considerable period of time. But it seems that under the statute (section 8766, Revised Statutes 1899) mining companies, such as the Center creek company, may make rules and regulations concerning mines and the right to operate them. That among the rules of the Center creek company was one requiring all entering upon the same for the purpose of mining to register by signing on a book of registry. The statute aforesaid does not, itself, require a registry. The statute is that, all persons mining on such

lands after the posting of the rules by the owner "shall be deemed to have agreed to and accepted the terms thereof, and shall, together with such owner or lessee, be bound thereby, and upon failure or refusal to comply with the terms, conditions and requirements of such statement, he or they shall forfeit all right thereunder, and the owner or lessee, as aforesaid, of such lands, may re-enter thereon and take possession of the same, nor shall the receipt of any ore or mineral by any such owner or lessee after any such forfeiture has been incurred, be deemed or taken as a waiver of such forfeiture."

Our interpretation of the statute is that while (as just stated) it does not require the licensee to sign the register or rules of the company, it does authorize the company to make rules; and in this case one of those rules was that those wishing to mine should register. A failure or refusal to register is a violation of the rules and, under the statute, the right to mine may be forfeited. But if the owner knowingly permits the licensee to enter and carry on mining without requiring him to sign, he can not forfeit the right of the miner without first offering him an opportunity to sign. If the miner should then refuse, he would be violating the rules. But certainly when he enters and mines without signing, with the affirmative or silent assent of the owner, such owner ought not to be allowed to forfeit his rights, when he is willing to sign.

Applying the foregoing to the facts of this case, we find that defendants contend that Berry represented that he had signed the register when he had not. But it appears, without dispute, that the owner had never objected to the mining on that account and that defendants actually entered and carried on mining and made reports thereof for a long period of time without dissent or protest from the owner. The owner never made any attempt to interfere with defendants, but they though prospering at first, begun to lose in the venture

Ball v. Neosho.

and then, finding there was no registry by Berry, quit further effort and abandoned the mine.

In the situation in which the parties were thus placed, these defendants would have had the right, themselves, to sign and thus cure whatever trouble there might be on account of there being no signing in the first instance. It follows that, under the circumstances herein stated, the mere fact of the rules not being signed was an immaterial matter which could have been cured, if the owners had required, by the mere signing of a name. The case for defendants was tried on a theory altogether out of harmony with what we have said. The plaintiff's instruction in the nature of a peremptory direction to find for him should have been given.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff for the notes and interest and penalty as therein provided. All concur.