### RILEY, Respondent, v. MINOR, Appellant.

1. The authority of an agent to make an executory contract for the sale of
land need not be in writing.

*Appeal from Buchanan Court of Common Pleas.*

This was an action for the possession of land. The defen-
dant claims to be the owner of the land, and justly entitled
to the possession thereof by virtue of a purchase from plain-
tiff through one Cleek, his agent. It is alleged that plaintiff
gave Cleek a power of attorney, which it was erroneously
supposed gave him authority to convey land, it being the ver-
bal understanding of the parties that he was authorized to
sell and convey plaintiff's lands.

*Hall, Vories & Vories,* for appellant.

I. The court erred in excluding the bond given by Cleek,
the agent of plaintiff. Plaintiff gave Cleek parol authority
to sell the land in controversy. The defendant paid part of
the purchase money, and made valuable improvements. It
would be a fraud upon his rights to turn him out.

*Woodson & Loan,* for respondent.

I. The court properly excluded the bond of Cleek.

EWING, Judge, delivered the opinion of the court.

The question presented by the bill of exceptions is the refusal of the court to permit the instrument of writing executed by Cleek to be read in evidence. It is not pretended by the appellant's counsel that the power of attorney from the respondent to Jacob Cleek read in evidence contains any semblance of authority to sell real estate; and unless the evidence of the witness Cleek discloses a verbal authority for this purpose, the instrument was properly excluded. It is well settled that to make a valid executory contract for the sale of lands it is not necessary that the agent's authority should be in writing; and when the question arises as to the authority of the person claiming to be an agent to sign the contract, it is sufficient to establish the fact by parol that he was thereto lawfully authorized.

Turning to the testimony of Cleek, we look in vain for any evidence of an agency to sell the land of the respondent, or to make or sign any contract respecting it. On the contrary, it is very clear, not only from the statements of the respondent as detailed by the witness, but from all the circumstances in evidence, that no authority or agency could have been contemplated except that conferred by the power of attorney given to Cleek. It would seem strange that Riley, the respondent, should have executed a formal power of attorney for the purpose of collecting debts or settling some accounts, and have given at the same time a mere verbal power to sell his lands. But this is put at rest by the witness himself, who states that the writing contained all the power or authority he had for selling the land; and that when he made the sale to the appellant he exhibited the power of attorney to him, and told him *that* was his authority to sell. It seems that both the appellant and Cleek acted on the power of attorney, and that it was looked to alone at the time of the negotiation and sale as the authority to make it. It is evident that Cleek did not assume to act upon a parol authority in the transaction, and that he did not deem himself clothed with

authority for that purpose, except by virtue of the power of attorney. So also Minor seems to have viewed the matter, until he discovered that it was insufficient for that object.

The judgment is affirmed; the other judges concurring.