Roth, *Appellant*, v. Goerger *et al.*

Division One, December 11, 1893.

**Specific Performance:** STATUTE OF FRAUDS. A petition for the specific performance of a contract made with defendant's agent for the sale of land is demurrable where it shows on its face that the agent had no written authority from defendant to make the sale and that the latter had never ratified it in writing, since such contract is within the statute of frauds.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* for appellant.

(1) The statutes of fraud may be waived, and, therefore, to take advantage thereof it must be pleaded. *McGowen v. West*, 7 Mo. 570; *Farrar v. Patton*, 20 Mo. 81; *Aultman v. Booth*, 95 Mo. 383. (2) Bunte having purchased with knowledge of previous sale, is not a purchaser in good faith, and stands in no better position than Goerger. *Maybee v. Moore*, 90 Mo. 340. (3) A principal, by ratifying and confirming the acts of his agent, adopts them and makes them his own from the beginning. *Savings Association v. Morrison*, 48 Mo. 273; *Ruggles v. County*, 3 Mo. 496; *Menkens v. Watson*, 27 Mo. 163; *Davis v. Krum*, 12 Mo. App. 279; *Cravens v. Gillihan*, 63 Mo. 28. (4) Ratification is equivalent to prior authorization. *Bank v. Gay*, 63 Mo. 33; *Ferris v Thaw*, 72 Mo. 446. (5) The abso-

lute signing by principal is not necessary, but may be done by his clerk. *Briggs v. Munchon,* 56 Mo. 467.

*H. A. Haeussler* and *Broadhead & Hezel* for respondents.

(1)   If the facts, the existence of which entitle the person against whom they are alleged to the benefit of the statute, appear in the pleadings, such person may take advantage of the statute by demurrer.   Story on Equity Pleadings, secs. 580, 588; Chitty on Pleadings, 566; Browne on Statute of Frauds, sec. 509; *Galway v. Shields,* 1 Mo. App. 549.   (2)   No contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract.   Revised Statutes, 1889, sec. 5186.

BRACE, J.—This is an action for the specific performance of the following contract in writing, copied into and made a part of the petition:

"ST. LOUIS, July 28, 1890.

"Received of Eugene Lingenfelder, agent, the sum of one hundred dollars earnest money on account of the purchase of lots 1, 2, 3, 4, 5, and east 20 feet of lot No. 6 of block No. 455, south of the city of St. Louis, Mo., fronting 144 feet on south line of Papin street, by 127 feet 6 inches in depth. Sold for the sum of sixty-five dollars per front foot, title to be perfect or earnest money refunded, the purchaser agrees to pay 1890 and 1891 taxes. Sale to be closed in thirty days from date.                    HY. HIEMENZ, JR.,

"Agent of Wm. Goerger.

"I agree to above.

"EUG. LINGENFELDER, agent for Edw. B. Roth.

"The above sale has been approved by the owner.
                                        "HY. HIEMENZ, JR.

"July 30, 1890."

The plaintiff charges in his petition that the defendant was at the date of said contract the owner of the real estate therein described, that Henry Hiemenz was his agent, and had oral authority to make the sale evidenced by the contract, and received in part payment of the purchase money therefor, the said sum of one hundred dollars, which said Hiemenz has ever since retained, and after said sale had been made and reported by said Hiemenz to the defendant by letter, the said defendant orally ratified such sale and the action in the premises of his said agent, and at his direction, the said agent of defendant executed to this plaintiff said written contract, but "that said Hiemenz had at no time written authority to act for said Goerger, and said Goerger at no time signed a written paper in relation to said sale." That afterwards, on August 8, 1890, plaintiff tendered to said defendant Goerger and to his said agent the full amount of the balance due on said purchase, which he has always been, and now is, ready to pay, and which he now brings into court, and demanded a deed for said real estate which defendant refused to execute, etc.

To the petition the defendant demurred, the court sustained the demurrer, and the plaintiff standing on his demurrer, appealed from the judgment rendered thereon.

It appearing plainly upon the face of the petition that the alleged agent Hiemenz had no authority in writing from the defendant to make the contract for the sale of the lands, which the plaintiff seeks to enforce, and that said contract was never ratified by the defendant in writing, the same is within the statute of frauds, not binding on the defendant and cannot be enforced. Revised Statutes, 1889, sec. 5186; *Hawkins v. McGroarty*, 110 Mo. 546.

It is generally necessary to make the defense of the

statute of frauds by answer, since in counting upon a contract it is not necessary that the pleader should set out a contract good under the statute of frauds and usually the contract is set out without stating whether it is in writing or not, in which case the law presumes a legal contract, and the only way the defense can then be made is by plea. But, when the contract set out in the petition appears upon the face thereof to be within the statute of frauds, there is no reason why the defense should not be made by demurrer, and such now is generally the practice in this country in actions both at law and in equity. Story on Equity Pleadings [10 Ed.], sec. 762, note *b*; Browne on Statute of Frauds [4 Ed.], sec. 509; *Galway v. Shields*, 1 Mo. App. 546. The judgment is affirmed. All concur.