PETER NEWMAN, Respondent, v. THE BANK OF WATSON *et al.*, Appellants.

Kansas City Court of Appeals, April 5, 1897.

1. **Evidence:** VARYING WRITTEN AGREEMENT: STATUTE OF FRAUDS. The common law rule of evidence forbidding the varying of written instruments by parol evidence with its exceptions applies only to such contracts as are unaffected by the statute of frauds. An instrument for the sale of lands must be in writing under the statute and contemporaneous, collateral understandings, or subsequent variations of the written agreement can not be shown by parol evidence.

2. **Vendor and Vendee:** ADMINISTRATOR'S DEED V. HEIR'S DEED. A vendee who contracts with an administrator for the purchase of real estate may refuse to accept the deed of the heirs in place of the administrator's deed.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Lewis & Ramsay* for appellants.

(1) The court erred in sustaining plaintiff's motion to strike out the principal part of defendant's answer. The portion stricken out sets up a good defense. (2) The written memorandum shows on its face that it is informal and incomplete, and evidence is admissible to explain it and show the additional terms. *Sparks v. Brown*, 33 Mo. App. 505; s. c., 46 Mo. App. 529; *Finks v. Hathaway*, 64 Mo. App. 186; *Quick v. Glass*, 128 Mo. 320. Ambiguities may be explained. *Ellis v. Harrison*, 104 Mo. 531; *Brolaski v. Aal*, 55 Mo. App. 196. (3) The warranty deed signed by the Hackett heirs was written at the same time as the written memorandum, and with the knowledge, approval, and agreement of plaintiff, and forms part of the contract. *Jennings v. Todd*, 118 Mo. 296; *McDonald v. Wolf*, 40 Mo. App. 302. (4) The memorandum does not say what kind of a deed was to be made; even plaintiff can not construe the memorandum satisfactorily, so brings his suit in two counts, one in which he assumes that an administrator's deed was to be made, in the other of which he assumes that Garst was to make his individual deed. So long as it is the land of the Hackett heirs that is to be sold, why is it not competent to show that they were to make the deed? *Lumber Co. v. Warner*, 93 Mo. 374–384; *State ex rel. v. Hoshaw*, 98 Mo. 358–360; *Bolinger Co. v. McDowell*, 99 Mo. 632. (5) The parol

agreement that the heirs were to make the deed is not inconsistent with the written memorandum. *Brown v Bowen*, 90 Mo. 190; *Greening v. Steele*, 122 Mo. 287–294. (6) Although a verbal agreement in regard to lands might not sustain a suit for damages or for specific performance, yet a party who has paid money on a verbal agreement to buy lands can not, so long as the seller is willing to comply with the verbal agreement, abandon the deal and sue for his money back again. *Galloway v. Shields*, 66 Mo. 313; 8 Am. and Eng. Ency. of Law [1 Ed.], 660, and notes; *Bliss v. Jenkins*, 129 Mo. 657. Its validity under the statute of frauds is immaterial in this case.

*M. McKillop* for respondent.

(1) "Declaration of intention constitutes a part of the colloquium or previous conversation of the parties and can be entitled to no greater weight than stipulations previously agreed on but not inserted in the writing and therefore presumed to have been abandoned." *Johnson Co. v. Wood*, 84 Mo. 515; *Bruce v. Beck*, 43 Mo. 266; *State v. LeFarvre*, 53 Mo. 470. Where parties enter into a written contract their rights must be controlled thereby, and all evidence of contemporaneous oral agreements upon the same subject-matter, varying, modifying, or contradicting the written agreement, is inadmissible. *Skeels v. Starrett*, 24 N. W. Rep. 98; *Thompson, Payne & Co. v. Irwin, Allen & Co.*, 42 Mo. App. 403; *Tracy v. Iron Works Co.*, 104 Mo. 193; *State ex rel. v. Hoshaw*, 98 Mo. 358; *Pearson v. Carson*, 69 Mo. 550; 1 Greenlf. on Ev., sec. 275; 2 Kent's Com. [13 Ed.], side p. 556 (Star); 2 Jones on Evidence, secs. 437, 438 and 439; *Reynolds v. Palmer*, 21 Fed. Rep. 433; *Chusman v. Hodges*, 75 Mo. 413. (2) The contract in question is complete and shows no in-

formality nor incompleteness nor even ambiguity, and the authorities cited by defendant are wholly inapplicable to this case. This case has no such an element as is dealt with in his said cited authorities. See authorities herein above stated. (3) While the contract may not technically name the kind of deed plaintiff was to receive from defendant, it defines the quality of title he is to receive and from whom his deed is to come. In contract for the sale of real estate an agreement to make a good title is always implied unless the liability is expressly excluded, and verbal declarations at the time of the sale are inadmissible to contradict the conditions of the sale. 1 Sug. on Vendors, pp. 23 and 24; *Moulton v. Chaffee*, 22 Fed. Rep. 26. (4) A purchaser is not required to accept a conveyance from a third person, but only from the vendor, and has a right to insist on a perfect title of record in such vendor at the time of the delivery of the deed. *George v. Carhaim*, 37 N. W. Rep. 791; *Royal v. Dennison*, 38 Pac. Rep. 39; 3 Ballard's Annual, p. 935.

SMITH, P. J.—This is a suit in equity. The plaintiff and the defendant Garst in his quality as the administrator of the estate of S. H. Hackett, deceased, entered into a written contract, the material and relevant portions of which were as follows, to wit:

STATEMENT.

"That in consideration of the sum of one thousand dollars deposited in the Bank of Watson by P. Newman for credit of B. F. Garst, administrator estate S. H. Hackett, B. F. Garst, administrator, agrees to deposit in same bank deed to farm located in Nishnabotna township, belonging to heirs of S. H. Hackett, containing about two hundred and sixty (260) acres. Same to be placed in bank on or before thirty (30) days from above date. Upon the deposit of deed by

B. F. Garst, administrator S. H. Hackett estate, the one thousand dollars is to be subject to his order, and an additional payment of one thousand dollars is to be paid B. F. Garst, administrator, by Newman. If for any reason B. F. Garst, administrator, fails to make the above described deed and deposit same at Bank of Watson this releases P. Newman from payment of one thousand dollars at expiration of time, and also destroys all claims whatsoever of B. F. Garst, administrator, on one thousand dollars deposited to his credit in bank this day and same reverts to P. Newman. Upon fulfillment of above contract B. F. Garst, administrator, agrees to give P. Newman his bond for a deed subject to following conditions and requirements."

It was alleged in the plaintiff's petition that contemporaneously with the execution of the contract just referred to the plaintiff deposited with said bank $1,000 to the credit of the said defendant administrator, which sum plaintiff borrowed of the defendant bank and executed his note therefor. It was further therein alleged that within the thirty days required by the contract nor at any time did the said defendant administrator deposit with the defendant bank the deed therein specified. There were numerous other allegations in the petition, but these need not be stated in order to properly understand the question upon which the appeal is based. The prayer was for a rescission of the contract and that the $1,000 deposited by plaintiff with said defendant bank be applied to the note given therefor, or if the defendant bank had paid over the same to the defendant administrator that the latter be required to pay the former said sum, and that the former be required to deliver up said note for cancellation, etc.

PLEADINGS.

The defendant administrator filed an answer admitting the execution of the written contract and

alleging that the contract between plaintiff and the defendant administrator was "partly written and partly verbal," and that the verbal portions thereof were to the effect that it was agreed that instead of procuring an order of the probate court to sell said lands for the paying off of the debts of Hackett, the deceased, the defendant administrator, who represented the heirs of the said deceased, should have the deed to plaintiff made by the heirs of the said deceased, and that the consideration be held by the defendant administrator in his quality as such and applied to the payment of the debts of the said deceased before any part thereof be distributed among the Hackett heirs. It was further alleged in said answer that said consideration would have been more than ample to pay off the debts due by the said deceased. It was further alleged that within the thirty days required by the contract the defendant procured a warranty deed to be executed by all the Hackett heirs conveying to plaintiff the proper lands which he deposited with the defendant bank, and that although the plaintiff was duly notified of the deposit of said deed, he refused to pay the $1,000 which he had obligated himself to pay at the time of the deposit of said deed. There was also the further allegation that some months afterward the defendant, after taking the steps required by statute for that purpose, procured an order of the probate court for the sale of the real estate of the said deceased for debts, and thereafter offered to convey the land described in the said contract to the plaintiff, but which offer was rejected by the latter. The court, on motion of the plaintiff, struck out the portion of the answer just referred to.

The defendant bank also filed a separate answer admitting the possession of the $1,000 deposited by plaintiff, etc. Subsequently there was a trial where defendant administrator offered evidence tending to

prove the stricken out allegations of the answer, which was rejected by the court. A decree was. rendered for plaintiff in conformity to the prayer of the petition, and thereupon the defendant administrator appealed.

The single and underlying question presented for decision is whether the trial court erred in striking out the answer of the defendant administrator and reject-EVIDENCE: vary- ing the offered evidence. It is a general ing written agreement: stat- and well established rule that parol evi-ute of frauds. dence of a prior or contemporaneous ·agreement can not be received to vary, add to, or take from an original contract in writing. *Kingman v. Schulenberger*, 64 Mo. App. 549; *Overstreet v. Beasley*, 60 Mo. App. 315; *Houser v. Andersch*, 61 Mo. App. 15; but this rule is not of universal application. It does not apply when the original contract was verbal and entire and part only was reduced to writing. 1 General Evidence, sec. 284a; *Rollins v. Claybrooks*, 22 Mo. 405; *Moss v. Green*, 41 Mo. 389. Nor where a distinct collateral contemporaneous agreement, independent of and not varying the written agreement is offered in evidence, though it relates to the same subject-matter. Nor where a complete contract in writing is entered into which is subsequently varied by parol agreement. *Brown v. Brown*, 90 Mo. 184; *Lumber Co. v. Warner*, 93 Mo. 374.

The parol contract alleged in the defendant's answer is not embraced within either of the exceptions just stated. It is not alleged and shown by the answer that the original contract was verbal and entire and part only in writing, but on the contrary the contract was for the sale of lands and therefore required by the statute of frauds to be in writing. The original contract was not therefore verbal and entire. It was in writing and the verbal agreement, if anything, was suppletory and not entire. The common law rule and the

exceptions thereto already referred to apply only to such contracts as are unaffected by the statute of frauds. The written contract here was for the sale of real estate and the statute required that it contain the whole agreement, and such being the case a contemporaneous or subsequent parol modification thereof could have no existence. The rights of the parties to the written contract could not be affected by the alleged parol modification thereof pleaded in the answer. *Rucker v. Harrington*, 52 Mo. App. 48; *Mfg. Co. v. School Dist.*, 54 Mo. App. 371.

The written contract pleaded provided that if, for any reason, the defendant administrator failed to make and deposit with the bank within thirty days the deed therein described, viz., a deed from himself as administrator to the plaintiff conveying certain lands of the deceased, then the plaintiff was to be paid back the money deposited in bank by him to the credit of the former. The answer pleaded that the written contract was not all of the contract entered into between the plaintiff and the defendant administrator in respect to the subject-matter of the same, but that a part of such contract was parol and to the effect that the plaintiff agreed to accept a deed from the Hackett heirs instead of that from the defendant administrator required by the written contract. It will be seen by reference to the authorities cited in the brief of plaintiff's counsel that the law does not require a vendee to accept a conveyance from a third person or stranger where the contract calls for a conveyance from the vendor. In the present case there was probably a number of valid reasons why the plaintiff, as a prudent man, declined to accept the conveyance from the Hackett heirs. We may assume that he knew that if the administrator of Hackett's estate sold the land under the order of the probate court for the

VENDOR and vendee: administrator's deed v. heir's deed.

payment of the debts of that estate that such sale evidenced by proper administrator's deed would pass the title to the land discharged of the debts of the deceased provable against his estate. And not only this, but there may have been judgments against the heirs of Hackett or some of them and in such case the administrator's deed would relieve the land of any possible liens of that kind.

It is plain that the parol agreement pleaded materially varied the written contract. The two were wholly inconsistent. Whatever view may be taken of the parol agreement pleaded we think there is no doubt that no evidence could be received to prove it without violating the well settled rules of the law of evidence hereinbefore noticed.

We do not think the court erred either in striking out the defendant administrator's answer or in rejecting his offers of evidence. The case was one which warranted the exercise of the equitable jurisdiction of the court. Its decree was clearly for the right party and must be affirmed. All concur.