C. E. MOOTS, Appellant, v. QUINCY COPE, Admr. of the Estate of MISSOURI SUMMERS, Deceased, Respondent.

St. Louis Court of Appeals, February 21, 1910.

1. **STATUTE OF FRAUDS: Principal and Agent: Contract to Sell Real Estate: Variance from Terms.** Under section 3418, Revised Statutes 1899, providing that no contract for the sale of lands made by an agent shall be binding on the principal unless the agent is authorized in writing to make the contract, the variance between a contract authorizing an agent to sell land for one-half cash, the balance in one year with six per cent. interest from date, and a contract of sale made by the agent, which stipulates for the payment of $200 down, $1800 at a certain date, and the balance in two years at five per cent. interest, running from a future date, is substantial, and the contract is not binding on the owner in the absence of a ratification in writing.

2. ———: ———: ———: Evidence: Verbal Acquiescence. In order to bind the principal by the contract of his agent for the sale of real estate, it must be shown the authority given the latter was in writing and authorized him to make the contract sought to be enforced, and the authorization of the agent to make a certain contract cannot be varied by a subsequent parole agreement. Evidence to show verbal acquiescence in an altered contract on the part of the owner would be, in effect, an attempt to vary by parole the contract the owner had authorized the agent to make, and hence would be inadmissible, under section 3418, Revised Statutes 1899.

3. CONTRACTS: Pleading: Legal Implication. When the law requires a contract to be made in a particular manner, an allegation that it is made implies that it is made in lawful form.

4. REAL ESTATE AGENTS: Pleading: Amended Reply: Departure. In an action for damages for breach of a contract for the sale of real estate, made by an agent, where the petition counted on a written contract made for defendant by her agent, the court properly refused to allow an amended reply to be filed, after all the evidence was in, which averred that defendant had ratified the contract of sale after it had been made by her agent, for the reason it practically presented a new issue from that made by the petition.

5. ———: ———: ———: ———: Not Warranted by the Evidence. In such a case, leave to file an amended reply, pleading ratification, after all the evidence was in, to make the pleadings conform to the proof, was properly denied, as not being warranted by the evidence, since ratification of such a contract must be in writing and plaintiff's counsel admitted there had been no such ratification.

6. ESTOPPEL: Pleading: Necessity of Pleading Estoppel. An estoppel to be available must be pleaded.

Appeal from Montgomery Circuit Court.—*Hon. R. S. Ryors*, Special Judge. .

AFFIRMED.

*Thos. W. Tipton* and *E. Rosenberger & Son* for appellant.

(1) (a) Where a principal puts an agent forward as a general agent, though in a particular line, or places

him in a position where others are justified in the belief that his powers are general, the restrictions that may be imposed upon. him privately will be immaterial except as between him and his principal. Woolen Mills v. Meyers and Cole, 30 Mo. App. 124; Manufacturing Co. v. Ball, 43 Mo. App. 504; Samuels v. Bartree, 53 Mo. App. 587; May v. Trust Co., 138 Mo. 385. (b) If the principal leads third persons, acting reasonably and in good faith, to believe that his agent possesses a certain authority, then as to them, he does possess it. Mecham's Agency, sec. 707 *et seq*; Sumerville v. Railroad, 62 Mo. 391; Johnson v. Hurley, 115 Mo. 513; Hackett v. Van-Frantz, 105 Mo. App. 385. (c) A party dealing with an agent has a right to rely in good faith upon the apparent authority of the agent, and it is not material whether the agent is general or special. Mechem on Agencies, sec. 284; McNichols v. Nelson, 45 Mo. App. 446; Keller v. Meyer, 74 Mo. App. 318. (2) (a) Where a sale is not made in strict conformity to the original contract, and although it is more advantageous, still it will not bind the principal. But where the principal ratified and approved of the agent's conduct, the ratification and approval is equivalent to a prior authority. Nesbitt v. Helser, 49 Mo. 383; Gelatt v. Ridge, 117 Mo. 561. (b) Plaintiff's proffered reply setting up a ratification was not a departure nor an amendment, and the court erred in not permitting plaintiff to amend his reply. McLachlin v. Barker, 6 Mo. App. 511.

*S. S. Nowlin* and *P. H. Cullen* for respondent.

(1) Since the passage of the amendatory act it has uniformly been held that it is necessary to show that the agent had written authority "to make the contract which he does make." Johnson v. Fecht, 185 Mo. 343; Hawkins v. McGroarty, 110 Mo. 546; Roth v. Georger, 118 Mo. 556; Fox v. Courtney, 111 Mo. 147; Greening v. Steele, 122 Mo. 287. Under sec. 3418, R. S. 1899, the

written authority of an agent to sell land for the principal must be strictly construed and scrupulously followed. Johnson v. Fecht, 94 Mo. App. 605; Wire Co. v. Broderick, 12 Mo. App. 378; Egger v. Nesbit, 122 Mo. 667; Taylor v. Williams, 45 Mo. 80; Strange v. Crowley, 91 Mo. 287; McLean v. Pastime, etc., 64 Mo. App. 55. (2) A ratification by the principal of a contract for the sale of the principal's land made by an agent without written authority must be in writing. Johnson v. Fecht, 185 Mo. 345; Hawkins v. McGroarty, 110 Mo. 546. (3) There is nothing better settled in the law of this State than the fact, that a party seeking to take advantage of an estoppel, must plead it. Realty Co. v. Musser, 97 Mo. App. 114; Calter v. Gray, 159 Mo. 588; Golden v. Tyre, 180 Mo. 196; Cockrell, v. Hutchinson, 135 Mo. 75; Weise v. Moore, 22 Mo. App. 530; Throckmorton v. Pence, 121 Mo. 60; Bray v. Marshall, 75 Mo. 327; Avery v. Railroad, 113 Mo. 561; Noble v. Blount, 77 Mo. 235; Messersmith v. Messersmith, 22 Mo. 372; Hammerslaugh v. Cheatham, 84 Mo. 21; Plow Co. v. Long, 55 Mo. 356. (4) A reply cannot be used in aid of the petition to engraft thereon a material allegation which has been omitted from the petition. Rhodes v. Land Co., 105 Mo. App. 279; Magruder v. Admire, 4 Mo. App. 133.

STATEMENT.—Action brought in the circuit court of Montgomery county, to recover the sum of two hundred dollars, alleged to have been paid by plaintiff on account of purchase of land claimed to have been purchased by him from Missouri Summers, and also for $2180 damages for the breach of the alleged contract of sale. The contract sued on, which is dated October 6, 1903, provides, in substance, as averred in the petition, that Missouri Summers will, on or before the sixth of November next ensuing its date, at the proper cost and charge of plaintiff, by good and lawful deed, convey unto plaintiff, in fee-simple, clear of all incumbrances, 198 acres of land, in Montgomery county, particularly

described, in consideration that plaintiff, on the execution of the deed, will pay or cause to be paid to Missouri Summers $3800 in manner following: $1800 on delivery of the deed; $200, to be part of the $1800, upon the signing of the contract, the balance of the $3800 due in two years at 5 per cent interest per annum from the first of March, 1904, for which balance plaintiff is to give to Missouri Summers, a deed of trust "with sufficient security for the payment of the same, if required, and upon his, the said C. E. Moots, executing and delivering the deed of trust aforesaid, the said Missouri Summers shall give unto the said C. E. Moots possession on the first day of March, 1904." This agreement is signed thus: "N. F. Palmer & Co., (Seal.) Agents for Missouri Summers. C. E. Moots, (Seal.)"

The answer of Mrs. Summers, who is defendant's intestate and who was living at the time the action was brought, was first, a general denial; second, she avers that the only contract she ever entered into with Palmer & Company to sell the real estate described in the petition, was one authorizing them to sell it for the sum of $3500 or $17.50 per acre, "one-half cash and balance in one year, with six per cent interest from date of sale," she to pay Palmer & Company five per cent commission on the gross amount above mentioned and all over that price which the land may bring when sold by or through them, or if sold by her to any party to whom Palmer & Company have shown the property or given information of, or recommended the same; the agreement to remain in force for twelve months and thereafter until Mrs. Summers shall give thirty days written notice of withdrawal from sale. It is then averred that thereafter and before October 3, 1903, Mrs. Summers notified Palmer & Company that she rescinded and cancelled the contract and withdrew her land in the contract described from the market, and that Palmer & Company had no right or privilege to attempt to sell the same, and that "except as above stated she had never given any writ-

ten authority of any kind to N. F. Palmer & Company to act as her agents in regard to said land in any respect." She denies, in substance, that Palmer & Company or any member of that firm, were authorized by her to execute the contract sued on for her or in her name, or to sign her name to any contract or agreement of any other kind with plaintiff or any one else, or to receive any money or payment on any contract on her account; denies that she at any time authorized Palmer & Company or N. F. Palmer to make the alleged contract attached to plaintiff's petition and counted on therein for her or in her name, and avers that the alleged contract, if in fact executed by Palmer & Company, was made after she had rescinded and cancelled the authority given by her to Palmer & Company by the writing signed by her as above set forth and that the alleged contract was not in accordance with the provisions and terms of the authority to sell or in conformity therewith. Other defenses, not necessary to notice, are set up; the real defense being that the contract sued on is not the one she authorized Palmer & Company, by her written agreement with them, to make. She also denies having ever received the $200, or any other sum on account of any contract from plaintiff.

After answering, and pending the action, Mrs. Summers died and defendant, as her duly appointed administrator, entered his appearances, waiving process, and adopted the answer theretofore filed by Mrs. Summers.

Plaintiff filed a reply which was a general denial of the new matter set up in the answer.

The case coming on for trial, N. F. Palmer being on the stand as a witness, the plaintiff offered in evidence the agreement between Palmer & Company and Mrs. Summers heretofore set out as embodied in the answer of Mrs. Summers. When the agreement was offered, it was objected to by the defendant, for the reason that it is not sufficient to authorize Palmer & Company

to make the contract sued on, that contract being materially different from the one authorized in the agency contract; that in the agency contract, the agent is authorized to sell for one-half cash, the balance in one year, with six per cent interest from date, whereas the contract sued on is for $200 to be paid down, $1800 at a certain time, the balance in two years, bearing five per cent interest with a provision that the interest will not begin until March 1, 1904, hence it was objected that the agency contract offered in evidence varies from that sued on and is not sufficient in form and substance to authorized the making of the contract sued on. This objection was sustained by the court and plaintiff duly excepted. Whereupon this occurred:

"Mr. Rosenberger (counsel for plaintiff): We further offer to show that Mrs. Summers did ratify this sale.

"Mr. Cullen (counsel for defendant): Have you that in writing? A. No, sir.

"Mr. Cullen: Then defendant objects."

The objection was sustained by the court, plaintiff duly excepting. The contract sued on was thereupon offered in evidence, and was objected to for the reason that "it does not appear that Mrs. Summers gave the agent any authority to issue such a contract." This objection was sustained by the court and exception duly saved by the plaintiff, whereupon this took place between the court and counsel:

"Mr. Rosenberger: If the court please, we desire to state our position. Our contention is that Mrs. Summers did authorize the witness here to sell her land, which contract the court refused to admit in evidence. Now, we offer Exhibit '2,' which is a contract for the sale of the place set out in the petition, and we expect to follow that evidence up by showing that this witness on the stand (Mr. Palmer) went to Missouri Summers and showed her this very contract which he had signed as her agent, and she told him that the same was per-

fectly satisfactory, and to go ahead and close up the deal.

"The Court: All verbal?

"Mr. Rosenberger: Yes, sir.

"The Court: I cannot allow that to come in; the objection is sustained. Plaintiff duly excepted."

In the view which we take of the case, it is unnecessary to set out the further testimony offered, other than to say that plaintiff offered testimony tending to show that after the agents had entered into the contract with plaintiff, Mrs. Summers was informed of it and made no objection to it until the question came up about the title and plaintiff demanded that the deed which was to be executed should be signed by her husband, or that she should procure the signature of her husband to it. She declined to do so, but was willing to make her own deed which plaintiff was unwilling to accept. It appears that Mrs. Summers and her husband, while not divorced, were living apart and having no dealings with each other. It was in evidence that the two hundred dollars earnest money had been paid by the plaintiff to the agents but no part of it was paid over to Mrs. Summers. Finally, Mrs. Summers refused to go on with the deal at all, whereupon this suit was brought. All this testimony was excluded under the general objection that it was not pretended that there had been any ratification in writing of the contract which was made by the agents and which is the contract sued on. Objection was also made to plaintiff testifying at all to the transaction between himself and Mrs. Summers, the latter being dead at the time of the trial.

At the conclusion of the testimony in the case, plaintiff asked leave to file an amended reply to conform to the proof. The reply set up that after the contract had been signed by the agents of Mrs. Summers, she had ratified the contract so made by her agents, with full knowledge and information as to the contents of the contract she was ratifying. The court declined to allow

this amendment on the ground that it was a departure from the pleading and on the ground that it was not sustained by the evidence in the case, there being no proof of the ratification in writing.

At the close of plaintiff's evidence, the court instructed the jury, over the objection and exception of plaintiff, that under the law and evidence the jury should find for the defendant. Whereupon the jury returned a verdict for the defendant. The plaintiff in due time filed a motion for a new trial which was overruled, exceptions saved, and the case is now here on appeal by plaintiff.

REYNOLDS, P. J. (after stating the facts).— It is provided by section 3418, Revised Statutes, 1899, that "no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract." It is beyond question in this case that there is such a substantial variance between the contract which the agents made with plaintiff, that is, the contract sued on, and the contract which Mrs. Summers had authorized her agents to make, that proof of the execution of the latter by Mrs. Summers did not help out or sustain the excution by the agents of the contract sued on. Necessarily, therefore, plaintiff's case failed, unless there was a ratification of the act of the agents in making the contract which they did make by Mrs. Summers and proof that that ratification was in writing.

Referring to the amendment engrafted on to section 3418, supra, by the Act of 1887, which added to the section the words above quoted, Judge MARSHALL, in Johnson v. Fecht, 185 Mo. 335, l. c. 343, 83 S. W. 1077, says that since the passage of that amendatory act it has uniformly been held that it is necessary to show that the agent had written authority "to make the contract which he does make," citing Hawkins v. McGroarty, 110 Mo. 546, 19 S. W. 830; Roth v. Georger, 118 Mo.

556, 24 S. W. 176; Fox v. Courtney, 111 Mo. 147, 20 S. W. 20; Greening v. Steele, 122 Mo. 287, 26 S. W. 971. In order to bind the principal by the contract of his agent, it must be shown that the authority given to the agent was in writing and was such authority as authorized the agent to make the contract sought to be enforced. Nor can the contract for a sale of realty which the principal gives the agent, authorizing the agent to make a certain contract, be varied by a subsequent parol agreement between them. [Rucker v. Harrington, 52 Mo. App. 481; Newman v. Bank of Watson, 70 Mo. App. 135; Beckmann v. Mepham, 97 Mo. App. 161; Warren v. Mayer Mfg. Co., 161 Mo. 112, 61 S. W. 644.] So that the attempt to show verbal acquiescence in the altered contract on the part of Mrs. Summers was, in effect, an attempt to vary by parol the contract which Mrs. Summers had authorized her agents to make. That this cannot be done has been held in many cases, of which those last cited are examples. No matter how much testimony might have been offered or introduced as to the oral declarations of Mrs. Summers, tending to show acquiescence in the altered contract, it all falls within the prohibitions of the statute. It is to be understood that we are speaking now of verbal assent, not of acts; for acts may raise an estoppel.

In the case of Johnson v. Fecht, supra, considering the question of ratification of a contract made without authority in the first instance, the court (l. c. 345), referring to Hawkins v. McGroarty, supra, and to other cases cited, holds that the ratification by a principal of a contract made by an agent, who had no written authority to make the contract in the first instance, must also be in writing, except where the principal was shown to have been guilty of such conduct as amounted to an equitable estoppel. While the original reply in this case was a general denial, setting up neither estoppel nor ratification, plaintiff, after the close of the evidence, as will be seen by the statement, offered to file an amend-

ed reply, which the court, however, declined to permit. Referring to that proposed reply, it will be observed that it pleads ratification. When the law requires a contract to be made in a particular manner, an allegation that it was made is always held to imply that it is made in lawful form. [Stillwell v. Hamm, 97 Mo. 579, 11 S. W. 252.] So that it is to be presumed that when plaintiff in the proposed amended reply, plead ratification, he intended legal ratification, which in this case, would be ratification in writing. Giving plaintiff the benefit of all that the proposed reply entitles him to, therefore, it is to be said that the court properly refused permission to file the amended reply for two reasons: First, it practically presented a new issue from that made by the petition, for the petition bottomed the action on the original contract, while the reply shifted it on to the ratification; and secondly, it was properly refused, because there was no evidence whatever in the case tending to show that any legal ratification, that is, a ratification in writing, had been made, exactly the contrary having been distinctly admitted by counsel for plaintiff when he said, in answer to a question of the court or in answer to an objection made, that it was not pretended or claimed that there had been a ratification in writing. Recurring to what is said in Hawkins v. McGroarty, supra, and repeated in Johnson v. Fecht, supra, that the ratification must be in writing, "except where the principal was shown to have been guilty of such conduct as amounted to an equitable estoppel," it is to be said in reference to the case at bar, that neither a plea of estoppel was entered, nor acts amounting to an estoppel plead, either in the petition or in the reply, or in the proposed amended reply, and it goes without saying, that an estoppel, to be available, must be plead.

Counsel for plaintiff refer us to the case of Gelatt v. Ridge, 117 Mo. 553, 23 S. W. 882, as authority for the proposition that subsequent ratification and approval is equivalent to prior authority and may be by parol,

but an examination of that case shows that it is one in which the agent was suing the principal for his commissions, and in such case it has been held in many decided cases, as for example Gerhart v. Peck, 42 Mo. App. 644, and Gwinnup v. Sibert, 106 Mo. App. 709, 80 S. W. 589, that it was not necessary that plaintiff should show a written authority to act as a real estate agent in order to entitle him to recover commissions on finding a purchaser. See also Gelatt v. Ridge, supra.

Our conclusion on the case is, that the contract sued on, not being the contract which the principal had authorized her agents to make in her written agreement with them, and there being no proof or tender of proof of ratification of the contract which was made having been by writing, and there being no plea of estoppel as against Mrs. Summers, by acts or conduct on her part, the trial court correctly excluded the contract sued on from evidence. That necessarily ended the plaintiff's case. It is wholly immaterial, therefore, to the determination of this case, to go into the other points so fully and learnedly briefed by counsel, touching errors in exclusion of testimony on other grounds, as on the capacity of witnesses to testify, or as to proof of conversations between Mrs. Summers and various parties to the transaction. Whether the court was right or wrong in its rulings on these questions, with the insuperable objection staring us in the face, that there was no written authority for making the contract which was made and no written ratification of it after it was made, it is impossible for plaintiff to recover in this action.

The judgment of the circuit court is affirmed. All concur.