ELIJAH H. WOLFSKILL, Appellant, v. THOMAS H. WELLS, Administrator, Respondent.

Kansas City Court of Appeals, January 30, 1911.

1. EXPRESS TRUST: Implied Trust: Statute of Frauds. A father conveyed land by warranty deed, without condition, upon a valuable consideration, but with a verbal understanding that the son should hold one-half of it to be deeded to another son, or at the latter's option, the grantee son to keep the land and pay him $35 per acre. *Held*, to be an express trust and invalid within the Statute of Frauds. And *held, further*, that it was not an implied trust which may be shown by parol evidence.

2. ———: ———: Family Relation of Donor, Trustee and Beneficiary. The fact that a father desires to make provision for his two sons and conveys land to one by unconditional warranty deed to hold one-half thereof in trust for the other, with the verbal understanding that the beneficiary should have the option of taking a deed from the trustee for his part, or at his

option, the trustee to pay him for his interest, will not make an implied trust of the transaction.

3. OPTIONAL CONTRACT: Statute of Frauds. An optional contract, one part within and the other without the Statute of Frauds, is an invalid contract and neither part is enforcible.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Scott J. Miller* and *Frank Sheetz & Sons* for appellant.

*B. B. Gill & Son, John H. Taylor* and *Lewis A. Chapman* for respondent.

ELLISON, J.—This action originated in the probate court by plaintiff filing an account for "one-half interest" in certain described lands, "being 140 acres at $35 per acre," amounting to $4900. There was credited on this account the sum of $450, leaving a balance due plaintiff's estate of $4450. The claim was rejected by the probate court. On appeal to the circuit court, the finding was for plaintiff; but defendant's motion for a new trial was afterwards sustained, and from that order plaintiff appealed.

George W. Wolfskill, Sr., died in December, 1904. He was the father of Elijah H., John J. and George W. Wolfskill, Jr. He owned a large tract of land, a part of which (about 280 acres) he conveyed, for a valuable consideration, to John J. by an unconditional warranty deed, dated 11th of October, 1899, with the verbal understanding between the father and the two sons, John J. and George W., that John J. should pay certain mortgage indebtedness thereon and account to George W. for one-half interest in the land clear of debt. It being understood, that when George wanted his inter-

est, but if he should not want the land, John J. should account to George W. for one-half of it at $35 per acre. It was explained by plaintiff, who was the chief witness in the case, that the reason the name of George W. Jr., did not appear in the deed to John J., or that a separate deed was not made to him, was that he "was not able to hold property and my father placed it in trust for him," as he was then in process of being adjudged a bankrupt by the Federal court, and it was thus "deeded in order to protect him from his creditors." George W. Jr., and John J. both died, and plaintiff was appointed administrator of the former's estate, and defendant was appointed administrator of the latter.

There were many reasons assigned in the motion for new trial. There is no doubt that it was properly granted. The evidence discloses an express trust and this proceeding is an attempt to establish and, in effect, enforce an express trust without it being manifested "by some writing signed by the party" who creates it. This would be in the face of our statute (sec. 2868, R. S. 1909), as well as decisions of our Supreme Court. [Crawley v. Crafton, 193 Mo. 421; Hillman v. Allen, 145 Mo. 638; Mulock v. Mulock, 156 Mo. 431.]

While an implied or resulting trust may be shown by parol evidence, there is nothing in the evidence to make out a trust of that character. There was no fraud or deception shown. The deed was absolute, expressed to be for a valuable consideration. The transaction, as portrayed in testimony, was had with the consent of all concerned. Nor do we think the relationship of the parties, nor the intention of the father as verbally expressed, in any way alters the character of the trust. [Higbee v. Higbee, 123 Mo. 287; Acker v. Priest, 92 Iowa 610; Noe v. Roll, 134 Ind. 115; Stonehill v. Swartz, 129 Ind. 310; Gould v. Lynde, 114 Mass. 366.]

If we were to allow plaintiff to succeed in his effort to prosecute this action as a mere account for the value of a half interest in land conveyed to defendant's intestate, at a stated price per acre; if we should allow him to disconnect the case from its trust character, he would still be without legal standing. The verbal contract was one in the alternative to convey to George W., Jr., one-half interest in the land, or, at his option, to pay him $35 per acre for such interest. As made, it was an inseparable contract. It is not disputed that that part of it to convey the land was invalid under the Statute of Frauds. So the case would stand with one part of the contract within and one par without the statute. In such instance the entire contract is invalid. [Andrews v. Broughton, 78 Mo. App. 179; Beckmann v. Mepham, 97 Mo. App. 161.]

It is not necessary to notice other points discussed. The judgment is affirmed. All concur.