## L. G. TRACY, Respondent, v. L. G. BERRIDGE, Appellant.

### Kansas City Court of Appeals, May 18, 1914.

1. **CONTRACTS: Sales: Exchange of Properties.** The plaintiff sued to recover damages for a breach of contract, by the defendant, to exchange a stock of merchandise for a farm owned by the plaintiff. One Gaylord, who was in charge of defendant's business as agent and apparent owner signed a contract in defendant's name to exchange the defendant's stock of merchandise for plaintiff's farm. A few days after the signing of the contract the plaintiff and defendant met to complete the exchange and the defendant having full knowledge that Gaylord signed his name to the contract, ratified the sale and agreed to the exchange. *Held*, that the court did not err in submitting the issue of ratification to the jury.

2. ———: **Statute of Frauds.** Section 2783, R. S. 1909, requires that "no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract   But this statute only requires, that the contract be signed by the party to be charged, and where the owner of the land signs the contract, it does not come within the statute of frauds.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*Wheeler & Switzer* and *Chas. E. Gilbert* for appellant.

(1)   A contract for the exchange of land for land or other things than money, is within the Statute of Frauds governing the sale of land, and moreover, if a part of a contract is within the Statute of Frauds, the whole is governed by it.   R. S. 1909, sec. 2783; Wolfskill v. Wells, Admr., 154 Mo. App. 302; Insurance Co. v.Bloomfield, 141 Mo. App. 421; Beckham v. Mepham, 97 Mo. App. 161; Andrews v. Broughton, 78 Mo.

App. 189; Luckett v. Williams, 37 Mo. App. 388; Bush v. Haeussler, 26 Mo. App. 271; Purcell v. Miner, 4 Wall, 517; Brown, Statute of Frauds, Secs. 140 and 271; 2 Reed, Statute of Frauds, Sec. 735. (2) The description of the land in this alleged contract is wholly insufficient to satisfy the demands of the statute of frauds under the decisions in this State. Johnson v. Fecht, 185 Mo. 335; Ringer v. Holtzclaw, 112 Mo. 519; Fox v. Courtney, 111 Mo. 147; Beckham v. Mepham, 97 Mo. App. 161; Weil v. Willard, 55 Mo. App. 376; Whalen v. Hinchman, 22 Mo. App. 483; King v. Wood, 7 Mo. 389. (3) The testimony and circumstances shown in evidence do not even prove a verbal ratification of this contract by the principal, and if it did so prove this contract would be invalid for the reason that since the statute requires the authority of an agent to bind the principal to a contract for the sale of land to be in writing, so must a ratification of a sale by the agent not so authorized, be in writing. Johnson v. Fecht, 185 Mo. 335; Roth v. Georger, 118 Mo. 556; Hawkins v. McGroarty, 110 Mo. 546; Story on Agency (9 Ed.), sec. 242; Despatch Line v. Mfg. Co., 12 N. H. 205.

*Lee B. Ewing* and *H. C. Clark* for respondent.

(1) A contract for the sale of goods, wares and merchandise for the price of thirty dollars or upwards is not within the Statute of Frauds if a memorandum of same, in writing, is signed by the party to be charged or his agent lawfully authorized. R. S. 1909, sec. 2784. (2) A contract for the sale of goods, wares and merchandise of the value of thirty dollars or upwards or for the sale of lands is not void by reason of the fact that it is not in writing, but only voidable. It may be unilateral and may bind but one party, but if there is a memorandum signed by the party sought be charged by his lawfully authorized agent, he cannot escape

when sued upon the contract by the other party. Cunningham v. Williams, 43 Mo. App. 629; Cash v. Clark, 61 Mo. App. 640; Black & Singler v. Croather, 74 Mo. App. 480; Haubelt v. Milling Co., 77 Mo. App. 672; Moore v. Thompson, 93 Mo. App. 336; Harrison v. Craven, 188 Mo. 609; Mastin v. Grimes, 88 Mo. App. 478. (3) The authority of an agent to make a contract for the sale of goods, ware and merchandise, need not be in writing. R. S. 1909, sec. 2784; R. S. 1845, sec. 5, chap. 68; Johnson v. McGruder, 15 Mo. 365; Riley v. Minor, 29 Mo. 439; Johnson v. Fech, 185 Mo. 342; Beheret v. Myers, 240 Mo. 84; Haubelt v. Milling Co., 77 Mo. App. 672. (4) The authority of an agent may be proven by the agent himself, by the admission of the principal, by the conduct of the principal, by the habits and course of dealings between principal and agent, as well as by the surrounding facts and circumstances. Haubelt v. Milling Co., 77 Mo. App. 672; McCloud v. Telegraph Co., 170 Mo. App. 624. (5) It is not the object of the Statute of Frauds to confer a personal privilege upon a party to enable him to become recreant to his contract, but to prevent others from forcing a spurious contract upon him by false swearing. Cash v. Clark, 61 Mo. App. 636. (6) It was not necessary that the contract in question should bind respondent Tracy, as he is not the party sought to be charged in this suit. But the contract was sufficient, and did bind both the respondent and appellant. Wilcox v. Sonka, 137 Mo. App. 54.

JOHNSON, J.—Plaintiff sued to recover damages he sustained from a breach by defendant of a written contract to exchange a stock of merchandise for a farm owned by plaintiff. Defendant claims he did not sign the contract nor authorize anyone to sign it for him. A trial by jury resulted in a verdict and judgment for plaintiff and defendant appealed.

Defendant, who lived in Kansas, owned a stock of merchandise in the town of Stotesbury, Vernon county. His brother-in-law, Fred Gaylord, was in charge of the business as his agent under such general authority as to give the agent the appearance and reputation of being the owner of the business. About December 1, 1912, Gaylord, without disclosing his agency, employed a real estate agent to procure an exchange of the stock for a farm and the agent began negotiations with brokers in Bates county with whom plaintiff had listed a farm of eighty acres he owned in that county near the town of Merwin. Gaylord was brought into these negotiations, inspected the farm and signified his willingness to enter into a contract for an exchange. Plaintiff who lived in Platte county was notified and went to Stotesbury where he and Gaylord entered into a written contract for the exchange of the equity in the farm owned by plaintiff for merchandise of the value of $3800. The contract described the farm as "80 acres of land 1 3/4 miles N. of Merwin, Bates county, Mo.," and required plaintiff to execute and deliver to defendant "A general warranty deed thereto, properly executed and free and clear of all liens and incumbrances" except a mortgage of $1400 which defendant assumed. The contract was signed by plaintiff and Gaylord affixed the name of defendant as the other signatory party. This was the first intimation plaintiff or any other person connected with the transaction had that Gaylord was acting as the agent of defendant and not for himself. The contract was signed December 6, 1912, and it was agreed that plaintiff and defendant should meet at Stotesbury four days later to complete the exchange. They met at the appointed time and there is abundant evidence introduced by plaintiff to the effect that defendant, with full knowledge that Gaylord had signed his name to the contract and with knowledge of the contents thereof, ratified the sale and agreed to perform the contract. But a creditor of

defendant had just caused a writ of attachment to be levied on the stock and when two or three days later defendant procured the release of the stock from the attachment, he had changed his mind about going on with the trade and immediately picked up the goods and shipped them into Kansas.

Defendant and Gaylord testified that the latter had no authority to sell or exchange the goods; that the extent of this authority was to find a person who would trade land for the stock on terms acceptable to defendant and that as soon as defendant was informed of what had been done, he repudiated the acts of his agent and did nothing in ratification of them. The evidence, as a whole, presents a substantial controversy over the issues of the authority of Gaylord to enter into the contract on behalf of defendant and of the issue of the subsequent ratification of the contract. These issues were submitted to the jury in appropriate instructions and being decided in favor of plaintiff we must assume that defendant had invested Gaylord with oral authority to trade the stock of goods for land and that defendant ratified the trade.

But it is argued that the contract was within the Statute of Frauds governing sales of real property which not only requires such contracts to be in writing and signed by the party to be charged therewith but provides that ''no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract.'' [Sec. 2783, Rev. Stat. 1909.]

It may be conceded, as argued by defendant, that ''if a part of a contract is within the Statute of Frauds the whole is governed by it.'' [Wolfskill v. Wells, 154 Mo. App. 302; Ins. Co. v. Bloomfield, 141 Mo. App. l. c. 421; Beckmann v. Mepham, 97 Mo. App. 161.] But we do not perceive any good reason for the view that the contract in question falls within the Statute of Frauds relating to sales of real property. The statute

requires only that the contract be signed by the party to be charged. Plaintiff, the owner of the land, was the party to be charged with the performance of the contract for the sale of the land. [Moore v. Thompson, 93 Mo. App. 336; Cunningham v. Williams, 43 Mo. App. 629.]

The relation of defendant to the transaction was that of the vendee of the land and the vendor of the merchandise. If in signing his name to the contract Gaylord was acting within the scope of oral instructions from him, the contract is neither void nor voidable since an agency for the sale of personal property may be created orally as well as by a writing signed by the principal. [Sec. 2784, Rev. Stat. 1909.] Before the amendment of section 2783 in 1887 an agent's authority to sell the lands of his principal was not required to be in writing (Johnson v. McGruder, 15 Mo. 365; Riley v. Minor, 29 Mo. 439; Johnson v. Fecht, 185 Mo. l. c. 342; Beheret v. Myers, 240 Mo. l. c. 84), and that amendment applied only to sales of land and not to sales of personalty.

The jury were entitled to infer that Gaylord was acting under instructions from defendant in signing the contract and under such hypothesis the contract cannot be said to come within the Statute of Frauds. And further, to bind defendant on the ground of a subsequent ratification of an unauthorized contract made by his agent, plaintiff was not required to show a ratification in writing. A ratification of an unauthorized sale of land must be in writing signed by the owner. [Johnson v. Fecht, supra; Roth v. Georger, 118 Mo. 556; Hawkins v. McGroarty, 110 Mo. 546.] But that rule does not apply to a vendor of personal property. Under the facts and circumstances disclosed by the evidence we think the court did not err in submitting the issue of ratification to the jury. The point made by defendant against the description of the land

180 App. 15

in the contract is untenable under our decision in Wilcox v. Sonka, 137 Mo. App. 54. There is no prejudicial error in the record and the judgment is affirmed. All concur.